FOURTH DIVISION

FILED: 2/4/99

No. 1-98-2322

MICHAEL FRIEDMAN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

) 

v. ) 

               ) 

JEFFREY THORSON, )

)

Defendant-Appellant, )

)

and )

)

FM WARE INDUSTRIES, INC., ) Honorable

) Stephen A. Schiller,

Defendant. ) Judges Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Jeffrey Thorson, appeals from the trial court's ruling on his motion to vacate, dissolve, or modify a temporary restraining order.  For the reasons which follow, we find we have no jurisdiction and dismiss the appeal.

The plaintiff, Michael Friedman, and the defendant, Thorson, are the sole equal shareholders and officers in the defendant, FM Ware Industries, Inc. (the Corporation).  On May 29, 1998, Friedman filed a "Verified Complaint for Injunctive Relief, Corporate Dissolution and Breach of Fiduciary [Duty]" against Thorson and the Corporation.  On June 1, 1998, Friedman filed an emergency motion for a temporary restraining order and injunctive relief seeking, 
inter
 
alia
, an order requiring Thorson to immediately provide him with access to or a copy of a computer program developed by Thorson and owned by the Corporation.  At a hearing that same day before Judge Robert V. Boharic, Thorson appeared 
pro
 
se
, and Judge Boharic entered a temporary restraining order requiring, 
inter
 
alia
, that Thorson turn over the program on June 4, 1998.

On June 4, 1998, Thorson, who had retained counsel, filed an emergency motion to vacate, dissolve, or modify the temporary restraining order.  Judge Stephen Schiller heard arguments on Thorson's motion on June 8, 1998, and refused to vacate or dissolve the temporary restraining order but did modify it.  Judge Schiller entered a written order on June 17, 1998, 
nunc
 
pro
 
tunc
 to June 8.  Thorson complied with the temporary restraining order by turning over the program on June 8.  He now appeals from the court's orders of June 8 and June 17.

It is our responsibility to consider the question of our jurisdiction 
sua
 
sponte
 where necessary and dismiss any appeal in which it is lacking.  
Shanklin v. Hutzler
, 277 Ill. App. 3d 94, 99, 660 N.E.2d 103 (1995).  Although neither party here raised the issue in his original brief, we perceived a possible lack of jurisdiction and requested that the parties submit supplemental briefs addressing the issue.  

Thorson filed his appeal from the trial court's order pursuant to Supreme Court Rule 307(a)(1), which allows interlocutory appeals from orders "(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."  166 Ill. 2d R. 307(a)(1).  A party appealing an order pursuant to Rule 307(a)(1) has 30 days from the entry of the order in question to perfect his appeal and file the record with this court.  166 Ill. 2d R. 307(a).  It is undisputed that Thorson filed his notice of appeal within this 30-day period.  We do not question Thorson's compliance with Rule 307(a)(1) but, rather, question whether the order at issue is, in fact, appealable under Rule 307(a)(1) at all.  

In 
Bohn Aluminum & Brass Co. v. Barker
, 55 Ill. 2d 177, 303 N.E.2d 1 (1973), the Illinois Supreme Court ruled that the term "injunction" as used in Rule 307(a) applies to temporary restraining orders as well.  Since that time, orders granting or refusing to grant, modifying or refusing to modify, and dissolving or refusing to dissolve temporary restraining orders routinely have been appealed in Illinois under Rule 307(a)(1).  See 
Northwestern Steel & Wire Co. v. Industrial Comm'n
, 254 Ill. App. 3d 472, 477, 627 N.E.2d 71 (1993); 
Murges v. Bowman
, 254 Ill. App. 3d 1071, 1080, 627 N.E.2d 330 (1993); 
Field Surgical Associates Ltd. v. Shadab
, 59 Ill. App. 3d 991, 994, 376 N.E.2d 660 (1978); 
Board of Education v. Springfield Education Ass'n
, 47 Ill. App. 3d 193, 198, 361 N.E.2d 697 (1977).

Effective 1989, however, our supreme court amended Rule 307 by adding paragraph (d), which provides that a petitioner seeking "review of the granting or denial of a temporary restraining order as authorized in paragraph (a)" must file a notice of appeal, petition, record, and legal memorandum, if any, within two days of the entry or denial of the order.  166 Ill. 2d R. 307(d).  Rule 307(d) further provides that the respondent may file a legal memorandum within two days of the filing of the petition, record, and petitioner's memorandum, and that the appellate court must decide the appeal within two days after the expiration of time for filing of the respondent's brief.  166 Ill. 2d R. 307(d).  Rule 307(d) makes no reference to the appeal from orders modifying, dissolving, or refusing to modify or dissolve a temporary restraining order.

Since the effective date of Rule 307(d), several Illinois courts have considered under Rule 307(a)(1) appeals from orders regarding modification or dissolution of temporary restraining orders without any discussion of the apparent conflict caused by Rule 307(d).  See 
Murges
, 254 Ill. App. 3d at 1080; 
In re Application of the Cook County Collector
, 228 Ill. App. 3d 719, 736, 593 N.E.2d 538 (1991).

The court in 
Harper v. Missouri Pacific R.R. Co.
, 264 Ill. App. 3d 238, 636 N.E.2d 1192 (1994), is the only Illinois court that has discussed the interaction between paragraphs (a) and (d) of Rule 307.  In 
dicta
, the 
Harper
 court apparently concluded that a party filing a motion to dissolve or modify a temporary restraining order could not appeal from the court's ruling on that motion.  Rather, the 
Harper
 court stated that the party wishing to bring such a motion must do so and obtain a ruling on the motion within two days of the entry or service of the order so that it may still appeal the order within that time frame.  If the moving party is unable to obtain a ruling on its motion within that two day period, according to the 
Harper
 court, it must file its appeal from the entry of the order without ever having obtained a ruling on its motion to modify or dissolve.  
Harper
, 264 Ill. App. 3d 243-46.   We find no support for these contentions in Rule 307.  We do, however, believe that the promulgation of paragraph (d) raises a question as to whether orders modifying, dissolving, and refusing to modify or dissolve temporary restraining orders are still appealable under Rule 307(a)(1), with a 30-day limit for filing, or whether they must be appealed under the 2-day filing requirements of Rule 307(d).

When interpreting a supreme court rule, we must apply the same rules used to interpret a statute.  
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 817, 688 N.E.2d 1226 (1997).  The primary rule of construction is to ascertain and give effect to the intent of the drafter, in this case our supreme court.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 16-17, 678 N.E.2d 1009 (1996); 
National Underground Construction Co. v. E.A. Cox Co.
, 273 Ill. App. 3d 830, 835-36, 652 N.E.2d 1108 (1995).  We must first look to the language of the rule as a whole and consider each part in connection with the rest.  
Kellet v. Roberts
, 276 Ill. App. 3d 164, 170, 658 N.E.2d 496 (1995).  If the language of the rule is clear and unambiguous, we must give effect to it rather than looking to extrinsic aids of construction.  
In re Estate of Rennick
, 181 Ill. 2d 395, 405, 692 N.E.2d 1150 (1998).  If, however, we determine that the rule is ambiguous, or susceptible to more than one reasonable interpretation, we may consider the committee comments, the reason and necessity for the rule, and the purpose to be served by it.  
Wright v. Desate, Inc.
, 292 Ill. App. 3d 952, 954, 686 N.E.2d 1199 (1997); 
People v. Davis
, 296 Ill. App. 3d 923, 926-

27, 695 N.E.2d 1363 (1998).  As with statutes, supreme court rules must be construed to avoid an absurd result.  
In re Loss
, 119 Ill. 2d 186, 194, 518 N.E.2d 981 (1987); 
Arnett v. Young
, 269 Ill. App. 3d 858, 861, 646 N.E.2d 1265 (1995).  Finally, where the letter and the spirit of a statute or rule conflict, the spirit shall control.  
Harvel v. City of Johnston City
, 146 Ill. 2d 277, 284, 586 N.E.2d 1217 (1992); 
Hyatt Corp. v. Sweet
, 230 Ill. App. 3d 423, 434, 594 N.E.2d 1243 (1992).

Reading paragraphs (a) and (d) of Rule 307 in conjunction, we believe that more than one reasonable interpretation exists as to which paragraph governs the appeal of orders modifying, dissolving, or refusing to modify or dissolve temporary restraining orders.  We must, therefore, consider the supreme court's intent when drafting Rule 307(d).  While the Committee Comments to Rule 307 do not make any reference to paragraph (d) (166 Ill. 2d R. 307, Committee Comments), it is apparent to us that the supreme court's intention in imposing the shorter time frame for appeals from the granting or denial of temporary restraining orders was to provide an expedited appeal process due to the nature of the temporary restraining order, an emergency remedy granted on a summary showing by the movant (
Diamond Savings & Loan Co. v. Royal Glen Condominium Ass'n
, 173 Ill. App. 3d 431, 434-35, 526 N.E.2d 372 (1988)).  A temporary restraining order is intended to remain in effect only until a hearing can be conducted regarding the applicant's entitlement to the issuance of a preliminary injunction and, as the 
Harper
 court noted, is not intended to be the source of protracted litigation (
Harper
, 264 Ill. App. 3d at 243).  Providing for an expedited appeal from the entry or denial of a temporary restraining order promotes the interests of justice by allowing the parties to more quickly reach the preliminary injunction hearing stage where the court will better be able to determine the right of the moving party to the injunctive relief requested.

Allowing appeals from orders modifying, dissolving, or refusing to modify or dissolve temporary restraining orders to be filed pursuant to Rule 307(a)(1) would defeat the purpose behind Rule 307(d) because it would result in the prolonged existence of temporary restraining orders.  Not only does Rule 307 allow more time for the filing of the notice of appeal and briefs for appeals filed pursuant to paragraph (a)(1), it imposes no requirement upon this court to issue its ruling on such appeals within two days or any other specified time period.  166 Ill. 2d R. 307.  Therefore, it would be absurd to interpret Rule 307 as requiring that appeals from the grant or denial of a temporary restraining order must be filed within the 2 days allotted under paragraph (d) but allowing appeals from orders modifying, dissolving, and refusing to modify or dissolve a temporary restraining order to be filed within the more lenient 30 days allotted under paragraph (a).  We must construe the rule to avoid such absurd results.  
In re Loss
, 119 Ill. 2d at 194.  Our finding that such a construction is improper is further supported when we consider the fact that the dissolution of a temporary restraining order is analogous to a denial of the original order and the modification of a temporary restraining order is analogous to the granting of a new order.   Accordingly, we conclude that an interlocutory appeal from the trial court's ruling on a motion to modify or dissolve a temporary restraining order must be brought pursuant to Rule 307(d).  Thorson did not perfect the instant appeal within the two days allotted therein.

Thorson argues that, even if Rule 307(d) governs all appeals from orders regarding temporary restraining orders, the order in this case is actually a preliminary injunction because it has lasted longer than 10 days.  Therefore, he contends, the trial court's order is properly appealable under Rule 307(a)(1).  We disagree.

A temporary restraining order issued with notice can be equivalent to a preliminary injunction when it is of unlimited duration.  
Stanton v. City of Chicago
,  177 Ill. App. 3d 519, 523, 532 N.E.2d 464 (1988).  Such an order, however, can properly last for more than 10 days provided that a hearing regarding the issuance of a preliminary injunction is scheduled within a short time thereafter.  
Greenspan v. Mesirow
, 132 Ill. App. 3d 508, 511, 478 N.E.2d 20 (1985).  

The temporary restraining order in this case was issued on June 1, 1998, and was to expire by its own terms at 10 a.m. on June 9, 1998, at which time the matter was set for status before Judge Schiller.  On June 8, when Judge Schiller ruled on Thorson's motion to vacate, dissolve, or modify the temporary restraining order, he extended the order until further order of court and scheduled a status date on the matter for July 30, 1998.  However, our review of the record makes it clear that the late status date and open-ended extension were given because Thorson's attorney indicated he was considering filing an interlocutory appeal pursuant to Rule 307.  Judge Schiller informed Thorson's counsel that "if you file an answer within 28 days, you'll have a hearing [regarding the issuance of a preliminary injunction] within a week of July 30th; and if you want a hearing before then, I'll give you a hearing before then."  Thorson's argument that the temporary restraining order in this case is equivalent to a preliminary injunction is, therefore, unavailing.

For the foregoing reasons, we conclude that we do not have jurisdiction in this matter.  Accordingly, we must dismiss the appeal.

Appeal dismissed.

SOUTH, P.J., and WOLFSON, J., concur.