NATALIE BUCKHOLTZ, as Independent Ex'r for the Estate of Frank Stajszczyk, Deceased, Plaintiff-Appellant, v. MacNEAL HOSPITAL *et al.*, Defendants (Francis T. Timons, Contemnor-Appellant; Ava Adams-Morris, Appellee).

First District (4th Division)   No. 1—98—3916

Opinion filed May 18, 2000.

Bruce R. Pfaff, of Bruce R. Pfaff & Associates, Ltd., of Chicago, for appellants.

Terrence M. Burns and Paul A. Michalik, both of Rooks, Pitts & Poust, of Chicago, for appellee.

JUSTICE BARTH delivered the opinion of the court:

This appeal is brought by plaintiff Natalie Buckholtz. It flows from her refusal to pay Dr. Ava Adams-Morris a court-ordered deposition fee of $375 in an underlying wrongful death suit. After Francis Timons, plaintiff's attorney, requested that the trial court find him in contempt for plaintiff's failure to pay the fee, it did so and fined him $10 for each day the deposition fee remained unpaid. On appeal, plaintiff contends that the trial court erred in finding that Dr. Adams-Morris was entitled to a deposition fee and that the $300-per-hour fee it set was unreasonable. Plaintiff and Timons also contend that the trial court's order of contempt should be vacated.

## BACKGROUND

On May 8, 1995, the decedent, Frank Stajszczyk, died after undergoing femoral popliteal bypass surgery at MacNeal Hospital (MacNeal) in Berwyn, Illinois. Plaintiff, the decedent's daughter, subsequently filed suit alleging negligence against MacNeal, four physicians, one nurse anesthetist and one registered nurse.

In a letter dated April 8, 1998, Timons informed Dr. Adams-Morris, who treated the decedent following his surgery, that he had been granted court permission to subpoena her for a deposition regarding the decedent's medical treatment. The letter stated that Dr. Adams-Morris was not a party to the pending lawsuit and that plaintiff had no intention of naming her as a party. Timons further stated in his letter that, "Under court rules, a physician shall be paid a reasonable professional fee for time spent while testifying. This office will gladly pay such a fee." The letter also requested that Dr. Adams-Morris contact Timons to confirm the May 6, 1998, deposition date.

In a May 12, 1998, letter to Timons, Terrence Burns, Dr. Adams-Morris's attorney, confirmed that the deposition date had been changed to June 26, 1998, and stated, "As discussed and agreed, Dr. Morris will be compensated at a rate of $300.00 per hour for her professional services."

In response to Burns's letter, Bruce Pfaff, Timons's associate, wrote on May 14, 1998, that Timons had not spoken to him about the deposition. Pfaff stated, however, that he objected to paying Dr. Adams-Morris a professional fee for her time because she was a resident at MacNeal at the time of the decedent's death. In support of his objection, Pfaff noted that the committee comments to Supreme Court Rule 204(c) stated that the "reasonable fee" provisions do not apply to party physicians or physicians "closely associated with a party." See 166 Ill. 2d R. 204(c), Committee Comments, at lxvi. According to Pfaff, Dr. Adams-Morris was "closely associated" with one or more defendants in the case.

On May 21, 1998, Dr. Adams-Morris filed a "Motion to Compel Compensation Pursuant to Illinois Supreme Court Rule 204(c)." In the motion, she alleged that because she was neither a party nor "closely associated" with any party involved in the pending litigation, she was entitled to a reasonable fee of $300 per hour, the amount Timons had originally agreed to, for the time she was going to spend at the upcoming deposition.

Following a hearing, on June 5, 1998, the trial court granted Dr. Adams-Morris's motion and determined that she should be paid by plaintiff at the rate of $300 an hour for the time spent testifying at the deposition.

On June 26, 1998, Dr. Adams-Morris was deposed at her attorney's office located in downtown Chicago. In pertinent part, she testified that she was currently an assistant professor of family medicine at Loyola University and worked approximately five half-days a week at Provident Hospital in Chicago. She stated that if she were not testifying at the deposition, she would have been working at Provident. When Timons asked Dr. Adams-Morris whether the time she was missing from her job because of the deposition equated to $300 an hour, her attorney objected on the ground that the question was irrelevant because her fee had already been set.

Dr. Adams-Morris's curriculum vitae disclosed that she was a resident at MacNeal from July 1993 to January 1996, at which time she became a staff physician in the hospital's family practice department. She remained in that position until July 1997. At the time of her deposition, Dr. Adams-Morris was on temporary leave from her position at MacNeal, but retained hospital privileges there. She testified that she was "unsure" whether she would return to work at MacNeal.

In early July, subpoenas for documents regarding Dr. Adams-Morris's income were served upon her and Loyola University, her employer. On July 17, 1998, Dr. Adams-Morris moved and the court heard arguments to quash plaintiff's subpoenas for records. Dr. Adams-Morris argued that the trial court had already ordered she be paid $300 an hour. Timons again objected to paying Dr. Adams-Morris a deposition fee, stating that she was closely related to defendants in the case. He also argued that the $300-per-hour deposition fee was unreasonable because she was working only on a part-time basis. The trial court responded that it was not going to continue to "revisit" the issue of Dr. Adams-Morris's fee because it had already ruled that $300 per hour was a reasonable fee.

In granting the doctor's motion, the trial court stated that under Rule 204(c), a doctor was entitled to a reasonable fee for a deposition and that "there are no caveats on that." The trial court referred to Supreme Court Rule 215 (166 Ill. 2d R. 215(b)), which provided for the payment of physicians' fees for physical or mental examinations based upon "loss of earnings." It observed the supreme court could have inserted the same language in Rule 204(c) but had not.

On July 29, 1998, Dr. Adams-Morris filed a motion to compel plaintiff to comply with the June 5, 1998, order to pay her $375, being the amount she earned at the 1-hour-and-15-minute deposition. On August 21, 1998, plaintiff filed a motion that both responded to Dr. Adams-Morris's motion to compel and sought the trial court's reconsideration of the deposition fee. Plaintiff again objected to the fee on the ground that Dr. Adams-Morris was "closely associated" with the defendants in the case. Plaintiff claimed it was "unjust" for her to be required to pay Dr. Adams-Morris to gain information regarding the events surrounding the decedent's death when no other "fact witnesses" are entitled to such a fee. She further argued that the fee should be limited to a sum that would reimburse Dr. Adams-Morris based upon her actual rate of pay.

On September 14, 1998, the trial court granted Dr. Adams-Morris's motion requiring plaintiff to pay the $375 deposition fee and denied plaintiff's motion to reconsider. The trial court stated that Dr. Adams-Morris was not a named defendant in the case and that her employment at MacNeal at the time of the decedent's death did not make her "closely associated" with the hospital. It confirmed its previous award of $375, again noting the dissimilar language contained in Rule 215 and further noting that Dr. Adams-Morris had to prepare for the deposition and travel to downtown Chicago for it. Finally, the court stated that the fee was reasonable based upon the "customs and practices" in Cook County and that it would be a "waste of judicial time" to have a hearing regarding the fee every time a doctor was deposed.

Upon denial of the motion to reconsider, Timons asked the court to find him in contempt for failure to pay the court-ordered fee. The trial court found Timons in contempt and imposed a fine of $10 a day for each day the deposition fee remained unpaid.

## ANALYSIS

Plaintiff first contends that, based upon the committee comments applicable to Rule 204(c), Dr. Adams-Morris is not entitled to a deposition fee because she is "closely associated" with MacNeal.

■ Supreme Court Rule 204(c) (166 Ill. 2d R. 204(c)) provides:

> "(c) Depositions of Physicians. The discovery depositions of nonparty physicians being deposed in their professional capacity may be taken only with the agreement of the parties and the subsequent consent of the deponent or under a subpoena issued upon order of court. A party shall pay a reasonable fee to a physician for the time he or she will spend testifying at any such deposition. Unless the physician was retained by a party for the purpose of rendering an opinion at trial, or unless otherwise ordered by the court, the fee shall be paid by the party at whose instance the deposition is taken."

The committee comments to the rule provide in relevant part that:

> "The reference in paragraph (c) to 'surgeons' has been stricken because it is redundant. Moreover, paragraph (c) is made applicable only to 'nonparty' physicians. The protection afforded a physician by paragraph (c), including the payment of a fee for time spent, has no application to a physician who is a party to the suit. Such protection should likewise be unavailable to nonparty physicians who are closely associated with a party, such as physicians who are stockholders in or officers of a professional corporation named as a defendant, or a physician who is a respondent in discovery." 166 Ill. 2d R. 204, Committee Comments, at 1xvi.

■ When interpreting a supreme court rule, this court must apply the same standards as used in the interpretation of a statute. *Hill v. Joseph Behr & Sons, Inc.*, 293 Ill. App. 3d 814, 817 (1997). If a rule is susceptible to more than one reasonable interpretation, it is considered ambiguous. *Morrison v. Wagner*, 305 Ill. App. 3d 885, 889 (1999), *aff'd*, 191 Ill. 2d 162 (2000). If the language of the rule is clear and unambiguous, we must give effect to that language rather than look to extrinsic aids, such as committee comments, to assist in interpreting the rule. *Friedman v. Thorson*, 303 Ill. App. 3d 131, 135 (1999); *Wright v. Desate, Inc.*, 292 Ill. App. 3d 952, 954 (1997).

We deem the language in Rule 204(c) to be clear and unambiguous in its pronouncement that nonparty physicians, such as Dr. Adams-

Morris, shall be paid for time spent testifying at a deposition. Plaintiff's assertion of ambiguity is based upon extrinsic matter (the committee comments), which must not be considered unless it is first determined that the rule's language is itself ambiguous. Plaintiff acknowledges that Dr. Adams-Morris is a nonparty to the underlying medical malpractice litigation but goes on to assert that "if Rule 204(c) were interpreted in a vacuum, this court would necessarily conclude that the doctor is entitled to a reasonable fee." She then refers to the committee comments accompanying the rule for the context she deems appropriate for a proper construction. Plaintiff thereby asks us to take an unnecessary and unwarranted step in our analysis. As explained above, the court must not look beyond the rule itself to glean its meaning if the language is clear and unambiguous. We consider Supreme Court Rule 204(c) to be an unmistakable declaration that treating physicians, such as Dr. Adams-Morris, who are required to give deposition testimony regarding their treatment shall be compensated. Accordingly, as in the case of a statute, it is our duty to apply the rule as it is written. See, *e.g.*, *Sassali v. Rockford Memorial Hospital*, 296 Ill. App. 3d 80, 83 (1998).

■ Plaintiff next contends that the record fails to establish that Dr. Adams-Morris's $300-per-hour deposition fee was reasonable. Plaintiff argues that because Dr. Adams-Morris has neither testified nor submitted an affidavit to the court stating that her fee was reasonable, and because her attorney was precluded from gathering information regarding the doctor's income, the court had no factual basis for determining the value of Dr. Adams-Morris's time.

Plaintiff admits and a review of the record corroborates that plaintiff has failed to provide this court with a transcript or a bystander's report of the June 5, 1998, hearing at which the trial court initially ruled that Dr. Adams-Morris was entitled to a deposition fee and set that fee at $300 per hour. Plaintiff, as the appellant, has the burden of presenting a sufficiently complete record of the proceedings to support a claim of error. In the absence of such a record on appeal, it will be presumed that an order entered by the trial court conformed with the law and had a sufficient basis in fact. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). Therefore, plaintiff's claim that the evidence considered by the trial court was insufficient to establish that Dr. Adams-Morris's deposition fee was reasonable must fail. See *Foutch*, 99 Ill. 2d at 394.

While the trial court did reiterate, at least in part, the basis of its ruling during subsequent hearings, the fact remains that this court has been deprived of the trial court's reasoning at the hearing where the determination was made that $300 per hour was a reasonable fee.

Because a trial court's order concerning a discovery matter will not be disturbed on appeal absent an abuse of discretion affirmatively and clearly shown by the appellant, we will not reverse the trial court in the case at bar in the absence of a complete record. See *Avery v. Sabbia*, 301 Ill. App. 3d 839, 844 (1998).

█ Finally, plaintiff and Timons contend that the trial court's order of contempt against Timons should be vacated because the refusal to pay Dr. Adams-Morris's deposition fee was for the purpose of creating an appealable issue.

It is well settled that exposing one's self to a finding of contempt is an appropriate method of testing the validity of a court order. *People v. Shukovsky*, 128 Ill. 2d 210, 219 (1988); *Hinojosa v. Joslyn Corp.*, 262 Ill. App. 3d 673, 680 (1994). A review of the record reveals that Timons subjected himself to a contempt finding for the sole purpose of obtaining appellate review. Therefore, the trial court's order of contempt against Timons is vacated.

Accordingly, the judgment of the circuit court of Cook County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

HOFFMAN, P.J., and HALL, J., concur.