TARA L. GOODWIN *et al.*, Plaintiffs-Appellees, v. RAE J. PUCCINI, a/k/a Rae Hotchkin Puccini, *et al.*, Defendants (James H. Brummel, Defendant-Appellant).

Second District    No. 2—00—0549

Opinion filed March 14, 2001.

`  ` Patrick J. Williams, of Connolly, Ekl & Williams, P.C., of Clarendon Hills, for appellant.

Lawrence A. Stein, of Huck, Bouma, Martin, Jones & Bradshaw, P.C., of

Wheaton, and Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Tara L. Goodwin, all of Edelman, Combs & Latturner, of Chicago, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Defendant-appellant, James H. Brummel, appeals from a temporary restraining order enjoining him and defendant Rae J. Puccini from transferring or dissipating any of their assets. Brummel contends that the trial court erred in denying his motion to dissolve the temporary restraining order. We dismiss the appeal for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs Tara L. Goodwin, Cathleen M. Coombs, James O. Latturner, and Daniel A. Edelman are the general partners of plaintiff Edelman, Coombs & Latturner (the law firm). On February 15, 2000, plaintiffs filed a verified complaint for injunctive and other relief alleging fraud, conversion, and breach of fiduciary duty against Brummel and Puccini. Plaintiffs alleged that Puccini was a former office manager for the law firm and that she misappropriated funds from plaintiffs by forgery and other means. The complaint also alleged that Brummel, Puccini's paramour and cohabitant, participated in misappropriations from plaintiffs and benefitted from the proceeds. The complaint sought, *inter alia*, a temporary restraining order preventing Brummel and Puccini from transferring, concealing, or using any funds that may have been misappropriated from plaintiffs and preventing Brummel and Puccini from destroying evidence.

At 2:45 p.m. on February 15, 2000, the trial court entered an *ex parte* temporary restraining order enjoining Puccini and Brummel from dissipating or transferring any assets and enjoining any entity in custody of assets in the name of Puccini or Brummel from transferring any such assets. The temporary restraining order was to be served upon defendants and was made returnable on February 23, 2000, at 10 a.m. Later that same day, plaintiffs filed an amended verified complaint for injunctive and other relief.

On February 23, 2000, plaintiffs filed a motion for a preliminary injunction. On February 24, 2000, the trial court entered an agreed order extending the temporary restraining order until further order of the court. The agreed order also modified the temporary restraining order by allowing limited funds to be released to Brummel and Puccini. The agreed order denied without prejudice Brummel's motion to dissolve the temporary restraining order and also set the hearing on plaintiffs' motion for a preliminary injunction for April 6, 2000.

On March 14, 2000, plaintiffs filed a second amended verified com-

plaint for injunctive and other relief. On March 30, 2000, Brummel filed a motion to strike and dismiss plaintiff's second amended complaint and to dissolve the temporary restraining order. In his motion, Brummel argued that plaintiffs failed to state any cause of action against him and therefore the complaint should be dismissed pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)). In the same motion, Brummel argued that there was no factual basis presented upon which the trial court could enter a temporary restraining order against him and therefore the temporary restraining order should be dissolved pursuant to section 11—108 of the Code of Civil Procedure (735 ILCS 5/11—108 (West 1998)).

On April 6, 2000, the trial court entered an order continuing to April 26, 2000, the hearing on Brummel's motion to strike and dismiss the second amended complaint and to dissolve the temporary restraining order.

On April 26, 2000, the trial court entered an order denying Brummel's motion to strike and dismiss the second amended complaint and to dissolve the temporary restraining order. A hearing on the motion for a preliminary injunction was set for June 12, 2000. On May 19, 2000, Brummel filed a notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)).

On May 23, 2000, plaintiffs filed in this court a motion to dismiss this interlocutory appeal. We have taken this motion with the case.

## II. DISCUSSION

■ Temporary restraining orders are entered by the circuit court pursuant to statutory authority in section 11—101 of the Code of Civil Procedure. 735 ILCS 5/11—101 (West 1998). Because temporary restraining orders are issued *ex parte*, section 11—101 provides that they remain in effect for a short duration, but there are exceptions:

> "Every temporary restraining order granted without notice *** shall expire by its terms within such time after the signing of the order, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or *unless the party against whom the order is directed consents that it may be extended for a longer period.*" (Emphasis added.) 735 ILCS 5/11—101 (West 1998).

A temporary restraining order is intended to remain in effect for a short duration and then expire by its own terms, cease by law, or be superseded by a preliminary injunction. *Harper v. Missouri Pacific R.R. Co.*, 264 Ill. App. 3d 238 (1994). In this case, however, the record clearly shows that Brummel consented to the extension of the temporary restraining order originally entered on February 15, 2000.

Therefore, the April 26, 2000, order was an order refusing to dis-

solve the temporary restraining order. This is the order from which Brummel appeals. Brummel contends that this court has jurisdiction over the appeal pursuant to Rule 307(a)(1). Plaintiffs argue that Brummel's appeal should be dismissed because an appeal from a ruling on a motion to dissolve a temporary restraining order must be brought pursuant to Supreme Court Rule 307(d) (166 Ill. 2d R. 307(d)) and Brummel has not complied with the Rule 307(d) requirement of filing a notice of interlocutory appeal within two days of such order. We agree with plaintiffs.

■ Rule 307(a)(1) allows, *inter alia*, appeals from interlocutory orders "(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 166 Ill. 2d R. 307(a)(1). The appeal pursuant to Rule 307(a)(1) must be perfected within 30 days from the entry of the interlocutory order. 166 Ill. 2d R. 307(a).

Rule 307(d) deals with appeals of temporary restraining orders and, as it existed at the time of this appeal, specifically provided:

> "[R]eview of the granting or denial of a temporary restraining order as authorized in paragraph (a) shall be by petition filed in the Appellate Court, but notice of interlocutory appeal as provided in paragraph (a) shall also be filed, within the same time for filing the petition. The petition shall be in writing, state the relief requested and the grounds for the relief requested, and shall be filed in the Appellate Court, with proof of personal service, within two days of the entry or denial of the temporary restraining order from which review is being sought." 166 Ill. 2d R. 307(d).

■ The First District, in *Friedman v. Thorson*, 303 Ill. App. 3d 131 (1999), was faced with the same issue we are today, namely, whether orders modifying, dissolving, and refusing to modify or dissolve temporary restraining orders are appealable under Rule 307(a)(1), with a 30-day limit for filing, or whether they must be appealed under Rule 307(d), which has a two-day filing limit. *Friedman*, 303 Ill. App. 3d at 136. The *Friedman* court held that "an interlocutory appeal from the trial court's ruling on a motion to modify or dissolve a temporary restraining order must be brought pursuant to Rule 307(d)." *Friedman*, 303 Ill. App. 3d at 136. Brummel argues that the reasoning in *Friedman* is in direct contravention of the express language of Rule 307, and he invites us to disregard *Friedman*. We believe the reasoning supporting the *Friedman* court's conclusion that Rule 307(d) governs all appeals from orders regarding temporary restraining orders is sound, and therefore we decline Brummel's invitation to disregard *Friedman*.

It is important to note that effective July 6, 2000, the supreme court has amended Rule 307(d) so that the rule now makes specific

reference to the appeal from orders modifying, dissolving, or refusing to modify or dissolve temporary restraining orders. See Official Reports Advance Sheet No. 16 (August 9, 2000), R. 307(d), eff. July 6, 2000. This amendment of Rule 307, although not applicable to this appeal, indicates our supreme court's approval of the reasoning and holding in *Friedman*.

Accordingly, because the April 26, 2000, order appealed from was an order refusing to dissolve a temporary restraining order, Brummel was required to file his notice of interlocutory appeal within two days of that order. Since Brummel filed his notice of interlocutory appeal 23 days after the trial court's denial of his motion to dissolve the temporary restraining order, his appeal is not timely.

## III. CONCLUSION

For the foregoing reasons, we conclude that we do not have jurisdiction in this matter. Accordingly, we grant plaintiffs' motion to dismiss the appeal.

Appeal dismissed.

BOWMAN and BYRNE, JJ., concur.