FOURTH DIVISION
February 25, 2010

No. 1-08-2774

| | | |
|---|---|---|
| NORMA MONTES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| CARTER MAI, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee | ) | Judge Presiding. |
| | ) | |
| (Fernando Perez, | ) | |
| | ) | |
| Third-Party Respondent-Appellant.) | ) | |

JUSTICE GALLAGHER delivered the opinion of the court:

The primary issue to be decided in this appeal is whether a chiropractor is a "physician" under Illinois Supreme Court Rule 204(c) (166 Ill. 2d R. 204(c)) and is therefore entitled to be paid "a reasonable fee" for time spent testifying in a discovery deposition in a case in which he is not a party. For the reasons set forth below, we conclude that the term "physician" as used in Rule 204(c) includes chiropractors, and we affirm the hourly fee set by the trial court for the chiropractor's deposition. In addition, we vacate the trial court's order of contempt against the chiropractor in this case.

BACKGROUND

In 2007, plaintiff Norma Montes brought an action against Carter Mai for injuries sustained when the car in which she was a passenger was struck by Mai's vehicle. Dr. Fernando Perez, a chiropractor with the Neck and Back Clinic in Chicago, treated Montes after the accident. Dr. Perez is not a party to the lawsuit; he is a third-party subpoena respondent.

In May 2008, Mai subpoenaed Dr. Perez to testify at a discovery deposition regarding the chiropractic services he provided to Montes. Derrick D. Wallery, the president of the Neck and Back Clinic, responded in writing that "Dr. Perez's fee for Depositions is $550 per hour and must be paid in advance with a two hour minimum" and that Dr. Perez was unavailable at the requested date and time. Mai's counsel responded with an offer of $300 per hour for Dr. Perez's deposition time with no minimum payment or prepayment. That offer was refused.

The Neck and Back Clinic submitted financial records for the trial court's *in camera* review to determine whether $550 was a reasonable hourly fee for Dr. Perez's deposition testimony. On July 30, 2008, after reviewing the submitted documentation, the court ruled that an hourly fee of $66.95 was reasonable, with no minimum payment or prepayment.

In response to that ruling, Dr. Perez refused to be deposed, and he sought to appeal the trial court's order pursuant to Illinois Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), challenging the $66.95 hourly fee as "fundamentally unfair" given the financial data provided to the court. On September 15, 2008, the trial court denied Dr. Perez's request for a Rule 304(a) finding and held Dr. Perez in contempt for refusing to appear for his deposition pursuant to subpoena, fining him $50. The fine was stayed pending Dr. Perez's appeal of the July 30, 2008,

1-08-2774

order.  Dr. Perez now appeals the July 30, 2008, order under Illinois Supreme Court Rule 304(b)(5) (210 Ill. 2d R. 304(b)(5)), which governs appeals from orders finding a person in contempt with a monetary or other penalty without the requirement of a special finding under Rule 304(a).


ANALYSIS

On appeal, Dr. Perez contends that the trial court abused its discretion in ordering him to accept a $66.95 hourly fee for his deposition testimony when the documentation submitted to the court supported a higher amount.  He also argues that the court erred in holding him in contempt and imposing a monetary sanction when his refusal to participate in the deposition was in good faith.

We agree with Mai, however, that the first question to be answered is whether Dr. Perez, as a chiropractor, is a "physician" under Rule 204(c) entitled to a reasonable fee for his discovery deposition testimony.  Neither party raised that issue in the trial court.

Rule 204(c) states:

> "The discovery depositions of nonparty physicians being deposed in their
>
> professional capacity may be taken only with the agreement of the parties and the
>
> subsequent consent of the deponent or under a subpoena issued upon order of
>
> court.  A party shall pay a reasonable fee to a physician for the time he or she will
>
> spend testifying at any such deposition.  Unless the physician was retained by a
>
> party for the purpose of rendering an opinion at trial, or unless otherwise ordered

1-08-2774

by the court, the fee shall be paid by the party at whose instance the deposition is taken." 166 Ill. 2d R. 204(c).

Mai contends that the term "physician" as used in the rule does not refer to chiropractors and that Dr. Perez is therefore only entitled to the statutory witness fee of $20 per day plus 20 cents per mile of necessary travel. See 705 ILCS 35/4.3(a) (West 2000). Although Mai waived the issue of Rule 204(c)'s applicability to chiropractors by failing to raise that argument in the trial court, waiver is a limitation on the parties and not on the court, and we may consider an issue not raised in the trial court if the issue is one of law and is fully briefed by the parties. See *Petre v. Cardiovascular Consultants, S.C.*, 373 Ill. App. 3d 929, 938, 871 N.E.2d 780, 789 (2007).

No Illinois case has defined "physician" as that term is used in Rule 204(c). See generally T. Harris, *Fees for Physician Testimony: What's Reasonable?*, 96 Ill. B.J. 460, 462 (2008). Although a supreme court rule is not a statute enacted by the Illinois legislature, the interpretation of a rule involves application of the same standards used in statutory interpretation. *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552, 871 N.E.2d 72, 74 (2007); *Buckholtz v. MacNeal Hospital*, 313 Ill. App. 3d 521, 525, 729 N.E.2d 949, 953 (2000).

The words utilized by the Illinois Supreme Court should be given their plain, ordinary and popularly understood meanings. *Longstreet*, 374 Ill. App. 3d at 552, 871 N.E.2d at 74. The word "physician" has been defined as "a person skilled in the art of healing: one duly authorized to treat disease: a doctor of medicine" (Webster's Third New International Dictionary 1707 (1986)) and also as "[a] practitioner of medicine; a person duly authorized or licensed to treat diseases; one lawfully engaged in the practice of medicine." Black's Law Dictionary 1147 (6th

4

1-08-2774

ed. 1990).

A 1917 Illinois Supreme Court case defined "physician" as "one versed in or practicing the art [of] medicine, and the term is not limited to the disciples of any particular school." *People ex rel. Gage v. Siman*, 278 Ill. 256, 115 N.E. 817 (1917) (holding that although an osteopathic physician does not use medicine or operate on patients, he treats patients for physical ailments and thus is a "physician" under the Vital Statistics Act). The supreme court further stated:

> "The term 'medicine' is not limited to substances supposed to possess curative or remedial properties, but has also the meaning of the healing art, – the science of preserving health and treating disease for the purpose of cure, – whether such treatment involves the use of medical substances or not." *Siman*, 278 Ill. at 257.

In the current version of the Medical Practice Act of 1987 (225 ILCS 60/2 (West 1998)), the legislature's definition of "physician" expressly includes both medical doctors and chiropractors, describing a "physician" as "a person licensed * * * to practice medicine in all of its branches or a chiropractic physician licensed to treat human ailments without the use of drugs and without operative surgery."

Also, as Dr. Perez points out, the Illinois Supreme Court discussed physicians and chiropractors in *Vuagniaux v. Department of Professional Regulation*, 208 Ill. 2d 173, 802 N.E.2d 1156 (2003), where Vuagniaux, a chiropractor, was reprimanded by the Department of Professional Regulation and fined for violating advertising provisions of the Medical Practice Act. Among the points raised by Vuagniaux was that the Medical Disciplinary Board's makeup of seven voting members but only one chiropractor violated his due process and equal protection

5

rights because only chiropractors should determine discipline for other chiropractors. In rejecting Vuagniaux's contention and holding that the board's composition met the rational basis test and that medical doctors could sit in review of chiropractors, the supreme court stated:

> "While chiropractors may once have been ostracized by certain segments of the medical community, the Medical Practice Act treats them as full and equal members of the medical profession. Under the law, those holding the degree of doctor of chiropractic possess precisely the same professional stature as those holding degrees as doctors of medicine or doctors of osteopathy. All are regarded as physicians." *Vuagniaux*, 208 Ill. 2d at 197, 802 N.E.2d at 1170-71.

Turning to the scope to be given the term "physician" in Rule 204(c), Mai points out that under a previous version of the rule, reasonable fees could be paid to "a physician or surgeon" and that the term "surgeon" was deleted as redundant (see 166 Ill. 2d R. 204(c), Committee Comments)). Mai argues that the remaining word "physician," therefore, is intended to include only a medical doctor such as a surgeon, to the exclusion of other health care professionals. We point out, however, that the word "surgeon" also could have been deemed redundant because all surgeons are physicians.

Rule 204(c) is a discovery rule, the purpose of which is to enable attorneys to better prepare and evaluate their cases. *Biehler v. White Metal Rolling & Stamping Corp.*, 30 Ill. App. 3d 435, 441-42, 333 N.E.2d 716, 721-22 (1975). Here, the discovery deposition of Dr. Perez, as the plaintiff's treating chiropractor, would assist defense counsel in assessing the extent of Montes' injuries. The payment of a "reasonable fee" pursuant to Rule 204(c) is warranted to

assure Dr. Perez's cooperation and to compensate him for his time. We conclude that the term "physician," as used in Rule 204(c), is intended to encompass a treating chiropractor and that a chiropractor therefore is entitled to a reasonable fee for time spent in a discovery deposition in a case in which he or she is not a party.

Having concluded that Dr. Perez is entitled to a "reasonable fee" for his deposition time pursuant to Rule 204(c), we next consider whether the $66.95 hourly fee ordered by the trial court was unreasonable. As stated earlier, Dr. Perez sought $550 per hour for his deposition testimony, with prepayment and a two-hour minimum, and opposing counsel offered $300 per hour, which was refused. After the trial court reviewed personal and corporate records submitted by Dr. Perez, the court ruled that $66.95 per hour was a reasonable fee for his deposition time, with no pre-payment or minimum payment.

Dr. Perez contends that because Rule 204(c) does not set out a basis to establish a "reasonable fee," one method is for the trial court to consider the "relevant marketplace or the doctor's actual experience" and consider documents or testimony. Dr. Perez notes that the trial court heard no testimony and made no inquiries of Dr. Perez's employer, who was present in court.

Dr. Perez further argues that the documents submitted to the trial court established that the Neck and Back Clinic generated $1,750 per hour of operation. That documentation, which is included in the record on appeal, consists of: (1) an analysis of services that Dr. Perez's medical practice group provided to all patients from January through June 2008; (2) the Neck and Back Clinic's 2007 corporate income tax return; (3) an employment record of the days on which Dr.

1-08-2774

Perez worked from January to July 2008; and (4) a "site performance summary" and "year to prior year comparison" of the medical practice group.

A trial court's order concerning a discovery matter will not be disturbed on appeal without an affirmative and clear showing by the appellant, who in this case is Dr. Perez, of an abuse of the court's discretion. See *Buckholtz*, 313 Ill. App. 3d at 526-27, 729 N.E.2d at 954. A reviewing court will find an abuse of discretion only where no reasonable person would adopt the trial court's view. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 331, 887 N.E.2d 878, 886 (2008).

Although we lack a report of proceedings as to this portion of the court's ruling, the trial court's order of July 30, 2008, explains the court's calculation of the $66.95 hourly fee for Dr. Perez's deposition testimony. The order states that the fee is "based upon [Dr. Perez's] 2007 W-2 income, divided by 52 weeks at 40 hours [per] week." The record does not include a copy of Dr. Perez's 2007 W-2 form. The appellant carries the burden of presenting a sufficiently complete record of the proceedings to support a claim of error, and without such a record, it is presumed that the trial court's order conformed with the law and had a sufficient basis in fact. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394, 459 N.E.2d 958, 960 (1984). This court has noted that it would not reverse the trial court's ruling on the reasonableness of a fee under Rule 204(c) in the absence of a transcript or bystander's report of the hearing at which the trial court determined the hourly rate. *Buckholtz*, 313 Ill. App. 3d at 526-27, 729 N.E.2d at 953-54.

Mai states in his brief that Dr. Perez's 2007 W-2 form listed his annual income as $139,000, which, using the trial court's formula, results in a rate of approximately $66 per hour.

8

As to Dr. Perez's presentation of records from the Neck and Back Clinic, the amount of revenue that the clinic took in hourly is not equivalent to the amount paid to Dr. Perez per hour.

We emphasize that the trial court's method is not the only means by which a fair and reasonable fee can be calculated; indeed, myriad ways exist to fairly and reasonably compensate a physician for his or her time. Under the admittedly deferential standard by which we assess the trial court's method, we affirm the court's calculation of an hourly fee of $66.95 for Dr. Perez's deposition testimony. Patently, the best approach is for a physician and the party seeking the deposition to discuss the matter and reach an agreement.

Furthermore, we affirm the portion of the trial court's order stating that Mai was not required to pay a two-hour minimum or prepay the fee for Dr. Perez's testimony. The order noted that after one hour of deposition testimony, the fee owed to Dr. Perez would be prorated at 15-minute increments. Rule 204(c) provides that the deposition fee is owed "for the time he or she will spend testifying at any such deposition." 166 Ill. 2d R. 204(c). The committee comments to Rule 204(c) explain that the fee "should be paid only after the doctor has testified, and it should not exceed an amount which reasonably reimburses the doctor for the time he or she actually spent testifying at deposition." 166 Ill. 2d R. 204(c), Committee Comments. The trial court's order reflects the supreme court's intended application of the rule and reasonably compensates Dr. Perez for the time spent testifying.

Lastly, Dr. Perez asks this court to vacate the trial court's September 15, 2008, order of contempt because Dr. Perez's refusal to comply with the court's discovery order was not made out of disrespect for the court's authority but, rather, to provide a good-faith challenge to the

1-08-2774

court's ruling. Addressing similar situations, this court has noted that exposure to a contempt finding is an appropriate method of testing the validity of a court order. *In re Marriage of Beyer & Parkis*, 324 Ill. App. 3d 305, 321-22, 753 N.E.2d 1032, 1046 (2001); see also *Buckholtz*, 313 Ill. App. 3d at 527, 729 N.E.2d at 954. Here, because the refusal to comply with the court's order reflected a good-faith effort to obtain a ruling on the applicability of the "reasonable fee" language of Rule 204(c) to Dr. Perez as a chiropractor, an issue on which no direct precedent existed, we vacate the finding of contempt entered by the trial court against Dr. Perez.


CONCLUSION

Supreme Court Rule 204(c), which provides for the payment of reasonable fees to "physicians" for time spent in discovery depositions, applies to Dr. Perez as a chiropractor. Furthermore, the trial court's calculation of $66.95 per hour as a reasonable fee for Dr. Perez's deposition time was not an abuse of the court's discretion, and the trial court's contempt order against Dr. Perez is vacated.

Affirmed in part and vacated in part; cause remanded.

O'MARA FROSSARD, P.J., and O'BRIEN, J., concur.