# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Jordan, 2013 IL App (2d) 120106**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE R. JORDAN, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE R. JORDAN, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-12-0106, 2-12-0108 cons. |
| Filed | June 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In consolidated proceedings involving jury convictions and pleas to multiple offenses where defendant's counsel moved to reconsider only defendant's sentence, the denial of the motion to reconsider the sentence was vacated and the cause was remanded to allow the filing of a valid certificate under Supreme Court Rule 604(d), an opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, and for a new motion hearing, since Rule 604(d) is intended to preserve defendant's right to a direct appeal of both sentencing and pleading issues, which may be lost if not properly raised due to a failure to strictly follow Rule 604(d). |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, Nos. 11-CF-1857, 10-CF-2588; the Hon. John J. Kinsella, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

Counsel on
Appeal

Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's
Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and
Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the
People.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion.

Justices Hutchinson and Jorgensen concurred in the judgment and
opinion.

## OPINION

¶ 1        A jury convicted defendant, Jimmie R. Jordan, of aggravated driving under the influence
of alcohol (625 ILCS 5/11-501(d)(1)(G) (West 2010)) and aggravated driving while his
license was revoked (625 ILCS 5/6-303(d-1) (West 2010)). He was sentenced to concurrent
30-month probation terms (case No. 10-CF-2588). Later, the State petitioned to revoke his
probation. In a separate prosecution, he was charged with aggravated battery (720 ILCS 5/12-
3.05(d)(4) (West 2010)) (case No. 11-CF-1857). At a consolidated hearing, the trial court
accepted defendant's admission to the probation-revocation petition and his nonnegotiated
guilty plea to aggravated battery. At another hearing, defendant was resentenced to 36
months' imprisonment for each traffic offense and 42 months' imprisonment for aggravated
battery, all sentences to run concurrently. The trial court admonished defendant pursuant to
Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). By counsel, defendant timely filed
separate motions to reconsider the sentences in both cases. In case No. 11-CF-1857, his
attorney filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July
1, 2006). It stated, in pertinent part:

        "1. I have consulted with the Defendant in person to ascertain his contentions of error
    in the imposition of the sentence;

        2. I have examined the trial court file and report of proceedings of the plea; and

        3. I have made such amendments to the motion necessary for an adequate
    presentation of any defects in the proceedings."

The trial court denied the motions. Defendant timely appealed in both case No. 10-CF-2588
(appeal No. 2-12-0108) and case No. 11-CF-1857 (appeal No. 2-12-0106). We consolidated
the appeals.

¶ 2        On appeal, defendant contends that the orders denying his postjudgment motions must
be vacated, and the causes remanded, because counsel's certificate did not comply strictly

with Rule 604(d).[1] We agree.

¶ 3 As pertinent here, Rule 604(d) states that counsel "shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain [the] defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Relying on *People v. Dryden*, 2012 IL App (2d) 110646, defendant contends that the certificate was fatally deficient because it failed to state that his attorney had consulted with him to ascertain his contentions of error in the entry of the plea of guilty.

¶ 4 Rule 604(d) requires strict compliance. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Our review is *de novo*. *People v. Johnson*, 363 Ill. App. 3d 356, 359 (2006).

¶ 5 In *Dryden*, the defendant pleaded guilty to aggravated driving under the influence of alcohol and was sentenced to 20 years' imprisonment. He filed a combined motion both to withdraw the plea and to reconsider the sentence. His attorney filed a Rule 604(d) certificate stating that he had consulted with the defendant to ascertain his contentions of error in the entry of the plea of guilty. On appeal, we held that the certificate was defective, as it "did not explicitly state that counsel ascertained [the] defendant's contentions of error in the sentence, even though the motion included a request to reconsider the sentence." *Dryden*, 2012 IL App (2d) 110646, ¶ 8. We continued:

"The State points out that the rule's consultation requirement is phrased in the disjunctive: counsel must certify that he sought 'to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty.' (Emphasis added.) [Citation.] However, in this context, it is clear that 'or' means 'and.' [Citation.] It would be absurd to suggest that where, as here, counsel moves both to withdraw the plea and to reconsider the sentence, counsel may arbitrarily choose to consult with the defendant about only one type of error." *Id.* ¶ 9.

¶ 6 *Dryden* is arguably distinguishable in that the defendant there filed motions both to withdraw the guilty plea and to reconsider the sentence. Here, as noted, defendant moved only to reconsider his sentences. Nevertheless, we conclude that "or" still means "and."

¶ 7 When we interpret a supreme court rule, our goal is to ascertain and effectuate the supreme court's intent. *Friedman v. Thorson*, 303 Ill. App. 3d 131, 135 (1999). We first look to the rule's language; if it is unambiguous, we must effectuate it without invoking extrinsic aids. *Id.* However, if it is ambiguous–susceptible to more than one reasonable interpretation–we may look beyond the language to the purpose it aims to serve. *Id.*

¶ 8 As *Dryden* noted, "or" is disjunctive. *Elementary School District 159 v. Schiller*, 221 Ill.

[1]Defendant concedes that no Rule 604(d) certificate was required in case No. 10-CF-2588, a probation-revocation proceeding (see *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391 (1997)), but he notes that any Rule 604(d) violation in case No. 11-CF-1857 requires new proceedings in both cases, as the potential modification of the sentence in case No. 11-CF-1857 might affect the trial court's decision in case No. 10-CF-2588. See *In re Vincent Y.*, 337 Ill. App. 3d 752, 758 (2003).

2d 130, 145 (2006). "As used in its ordinary sense, the word 'or' marks an alternative indicating [that] the various parts of the sentence which it connects are to be taken separately." *Id.* However, the strict meaning of "or" "is more readily departed from than that of other words." *John P. Moriarty, Inc. v. Murphy*, 387 Ill. 119, 129 (1944). Where such a construction is necessary to effectuate the drafters' intent, "or" may be construed to mean "and." *Id.* As noted, this is precisely what we did in *Dryden*.

¶ 9        Where, as in *Dryden*, the defendant moves both to withdraw his plea and to reconsider his sentence, "or" clearly means "and." But where, as here, the defendant moves only to reconsider his sentence, "or" becomes ambiguous. Of course it cannot be *strictly* disjunctive; where the defendant moves to reconsider his sentence, counsel cannot satisfy Rule 604(d) by certifying that he has ascertained the defendant's contentions only as to his plea. See *Friedman*, 303 Ill. App. 3d at 135 ("supreme court rules must be construed to avoid an absurd result"). But on the question of whether counsel may ascertain the defendant's contentions only as to his *sentence*, or whether counsel must ascertain his contentions, if any, as to both his sentence *and* his plea, reasonable minds can differ. Indeed, though without specifically analyzing the issue, different courts have assumed both meanings. Compare *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008) (although defendant moved only to reconsider his sentence, a certificate stating that counsel had ascertained defendant's contentions of " 'error and sentence' " did not strictly comply with the rule's requirement that he certify that he had ascertained defendant's "contentions of error in the guilty plea hearing *as well as* in the sentence" (emphasis added)), with *People v. Packard*, 259 Ill. App. 3d 681, 684 (1994) (where defendant "challenges only his sentence," the rule "clearly requires that defense counsel certify that he has consulted with defendant *** to ascertain his contentions of error in the sentence").

¶ 10        To us, the ambiguity is readily resolved by reference to the purpose of the certificate requirement, and specifically the purpose of strict compliance. "The purpose of complying strictly with Rule 604(d) is to safeguard a defendant's right to a direct appeal, 'a right which may be forever lost under the waiver rule if *any appealable issue* is not properly raised because Rule 604(d) has not been strictly followed.' " (Emphasis added.) *People v. Heinz*, 259 Ill. App. 3d 709, 711-12 (1994) (quoting *People v. Davis*, 255 Ill. App. 3d 647, 649 (1994)); see also Ill. S. Ct. R. 604(d) (eff. July 1, 2006) ("Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."). Where a defendant enters a nonnegotiated plea, "appealable issues" can fall into two categories: those as to the sentence and those as to the plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Counsel's obligation is to avert the forfeiture of *any* such issue, not just those issues that fall into one category or the other. Obviously, counsel cannot avert the forfeiture of *any* such issue unless he consults with the defendant to ascertain *all* such issues, be they related to the sentence, the plea, or both.

¶ 11        This is no less true where the defendant moves only to reconsider his sentence. To be sure, where the defendant files the motion *pro se* and is appointed counsel thereafter (see *id.*), counsel might be inclined to assume that the defendant has filed that motion because he has no contentions as to his plea. This is a dangerous assumption. The defendant might simply be unaware of the range of viable attacks on his plea. Or, ironically, he might have

-4-

interpreted too strictly the trial court's admonishments under Illinois Supreme Court Rule 605(b)(2) (eff. Oct. 1, 2001): that prior to taking an appeal the defendant must file a motion "to have the trial court reconsider the sentence *or* to have the judgment vacated and for leave to withdraw the plea of guilty." (Emphasis added.) That is, he might have understood "or" as strictly disjunctive–such that he believed that he could file only one motion or the other–when of course he could file either motion or *both*. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011) (remedy for certificate violation is remand for "the opportunity to file a new motion to withdraw the guilty plea *and/or* reconsider the sentence" (emphasis added)). With the right to a direct appeal at stake, counsel should not merely assume that the defendant has knowingly challenged only his sentence; rather, he should consult with the defendant to confirm that assumption, or to dispel it.

¶ 12     A certified consultation with the defendant as to both categories of potential issues is even more important where, as here, the defendant's motion to reconsider his sentence is filed by counsel. In this case, counsel consulted with defendant to ascertain his contentions of error as to the sentence on his plea, and counsel then filed a motion to reconsider that sentence (as well as a motion to reconsider the sentence on his probation admission). For all we know, defendant had viable contentions as to his plea but counsel failed to even consider them. If we were to hold that counsel strictly complied with Rule 604(d), those contentions would now be forfeited, in obvious contravention of the purpose that strict compliance exists to serve. This is perhaps the strongest proof that strict compliance did not occur.

¶ 13     Accordingly, we reject any suggestion that which motion is filed will dictate the extent of the consultation that the rule requires. To be sure, counsel must certify that he has made any necessary amendments to "the motion." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). But we do not read this requirement to indicate that, where "the motion" seeks only reconsideration of the sentence, the consultation (and any resulting amendments) need pertain only to sentencing issues. Obviously, a motion to reconsider the sentence may be amended (1) to raise additional sentencing issues *or* (2) to add the substance of a motion to withdraw the plea. And indeed, the rule states that the required amendments are those "necessary for adequate presentation of any defects in *those* proceedings." (Emphasis added.) *Id.* Here, "those proceedings" can easily refer to the "proceedings of the plea of guilty," the report of which counsel was required to review. *Id.* Thus, the rule envisions that, even where the motion filed seeks only reconsideration of the sentence, the consultation (and any resulting amendments) will pertain to the plea as well. The phrase "those proceedings" can also be read to refer to more than one proceeding, specifically the proceeding of the plea of guilty *and* the proceeding of the sentencing hearing. If the phrase were intended to refer to only one *or* the other, the rule would refer to "that proceeding," not the plural "those proceedings."

¶ 14     More importantly, a suggestion that the scope of the motion controls the scope of the consultation–rather than vice versa–puts the cart before the horse. It is the consultation that should determine which issues are pertinent and thus which motion (or motions) should be filed. (For example, if the defendant has already filed a *pro se* motion only to reconsider the sentence, it is the consultation that should determine whether the motion to reconsider the sentence should be amended to include only additional sentencing issues or whether, in addition, the substance of a motion to withdraw the plea should also be filed.) If it were the

scope of the motion that determines the scope of the consultation, the purpose of the rule would be seriously undermined. In this case, we would be forced to hold that counsel strictly complied with the rule where he averted the forfeiture of any sentencing issues, notwithstanding the forfeiture of any issues concerning the plea. We cannot imagine that the supreme court designed the rule, and insisted on strict compliance therewith, to avert the forfeiture of issues of only one type or the other, as opposed to the forfeiture of any and all.

¶ 15 That said, we note here that we are not presuming that counsel was ineffective. We are not presuming that, had counsel consulted with defendant about his plea, counsel would have discovered an issue of merit. Indeed, the consultation might have quickly revealed that defendant had no desire to attack his plea, or that there was no basis to attack his plea. Thus, although we hold that a consultation as to the plea was required, and that counsel was required to certify such consultation in his Rule 604(d) certificate, we are not presuming that the consultation would have borne fruit.

¶ 16 Nevertheless, without the certified consultation as to the plea, we are left to speculate that defendant might have had such contentions of error and wished to pursue them, and thus might have forfeited them. This prospect is wholly at odds with the assertion that counsel strictly complied with the rule. Again, strict compliance enables us to *know* that a defendant's postplea motion contained every postplea contention he had, that no postplea contention was lost. If we cannot feel secure in that knowledge, then, *a fortiori*, strict compliance cannot have occurred. The point is that, where defendant could file both a motion to reconsider the sentence *and* a motion to withdraw his plea in order to preserve all of his appeal rights, but he filed only a motion to reconsider the sentence, we cannot know that the decision not to move also to withdraw the plea was defendant's decision based on proper advice and "consultation" with counsel unless counsel's Rule 604(d) certificate contains language referring to consultation about the plea.

¶ 17 This, again, is the ultimate point: Rule 604(d) is designed to avert forfeiture. Of course, if counsel consults with the defendant about *both* his sentence and his plea, and if they decide to move only to reconsider the sentence, any contentions as to the plea are waived. *Id.* But that is, they are literally *waived*; the defendant has voluntarily relinquished them after consultation with counsel. What the rule is designed to avert, more technically, is *forfeiture*, the loss of contentions that the defendant had no desire to abandon. See *People v. Phipps*, 238 Ill. 2d 54, 62 (2010) ("While forfeiture applies to issues that could have been raised but were not, waiver is the voluntary relinquishment of a known right."). If counsel consults with the defendant about contentions of only one type, he has not ensured that the defendant has no contentions of the *other* type, and thus any such contentions will be lost–without any inquiry into their merits, without any voluntary decision to abandon them. Thus, to satisfy the purpose of the rule, the consultation must extend to both.

¶ 18 In sum, where a defendant enters a nonnegotiated plea and moves only to reconsider his sentence, Rule 604(d) requires counsel to consult with the defendant to ascertain his contentions of error, if any, as to both his sentence and his plea. Counsel then must certify, among other things, that he has consulted with the defendant "to ascertain [the] defendant's contentions of error in the sentence or the entry of the plea of guilty." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Although counsel's use of "or" might be ambiguous, "we will not fault

counsel for using the language of the rule." *People v. Mineau*, 2012 IL App (2d) 110666, ¶ 16.

¶ 19   We vacate the orders of the circuit court of Du Page County denying defendant's motions to reconsider his sentences, and we remand the causes to allow "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Lindsay*, 239 Ill. 2d at 531.

¶ 20   Vacated and remanded with directions.