JEAN K. GREENSPAN *et al.*, Plaintiffs-Appellees, v. NORMAN MESIROW *et al.*, Trustees, *et al.*, Defendants-Appellants.

First District (1st Division) No. 84—2909

Opinion filed April 8, 1985.—Rehearing denied May 2, 1985.

Jenner & Block, of Chicago (Thomas P. Sullivan, Gail Rubin, Jeffrey Colman, and Michael B. Brohman, of counsel), for appellant Norman Mesirow.

John S. Roadhouse and Robert J. Kopka, both of Conklin & Adler, Ltd., of Chicago, for appellant Jesse J. Holland.

George Feiwell, Michael J. Kravlovec, and William J. Judge, all of Feiwell, Galper, Lasky & Berger, Ltd., of Chicago, and Stuart M. Sischman, of Dun & Zuckerman, of New York, New York, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal arises from an action which was originally brought in 1982 by the trustees and beneficiaries of a private trust seeking modification of certain of its provisions so as to name successor trustees. A dispute subsequently arose between the surviving settlors and beneficiaries of the trust (plaintiffs) and the two nonfamily trustees (defendants), and the suit proceeded as a contested action to remove and surcharge the defendants for the alleged breach of fiduciary responsibilities and for conflicts of interest.

During discovery, plaintiffs filed a verified motion for preliminary injunction against defendants and a subsequent, unverified motion for temporary restraining order which alleged for the first time that defendants had used approximately $100,000 of trust assets to prepay principal on certain notes owed by the trust to a family fund of which defendants were also directors. On October 26, 1984, based on the allegations of prepayment, the fact of which was admitted in open court by defendants, the trial court elicited the agreement of defendants that no further disbursements would be made from the trust until a hearing could be had on the matter. The court then is-

sued the first of two interlocutory orders which are the subject of this appeal, enjoining defendants from making any disbursements in excess of $5,000 in one calendar month without further leave of court. On November 13, defendants filed a motion to dissolve the October 26 order. Plaintiffs were subsequently given leave to amend their motion for temporary restraining order to verify its allegations.

On November 21, 1984, after defendants had filed their answer putting the material allegations of plaintiffs' motion in issue, the trial court modified its previous order to increase the specified amount to $25,000 per calendar month. The modified order was also entered without an evidentiary hearing, based on the trial court's belief that he was merely "supervising a hotly contested matter" and not issuing injunctive relief. It appears from the record that to this date, no evidence regarding the alleged impropriety of the prepayments or of resultant harm to the trust has been presented, although defendants have consistently maintained that such payments were in fact beneficial to the trust and made for "tax and other good business purposes." Further, there is a disagreement among the parties as to whether a hearing date has in fact been set to consider such evidence. Our review of the orders pertinent to this appeal supports defendants' claim that at the time of filing this appeal, a date had been set only for "status" on plaintiffs' motion.

Defendants brought this interlocutory appeal pursuant to Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)), challenging both the October 26 and November 21 orders. Plaintiffs filed a motion to dismiss the appeal which was taken with the case, raising as issues the noninjunctive nature of the subject orders, the timeliness of the appeal, waiver by defendants and mootness.

■■ ■ Initially, we find that the subject orders, which effectively restrict defendants from conducting their ordinary affairs as trustees, are injunctive in nature. (See *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1 (in determining what is an injunction subject to interlocutory review, courts will look at substance rather than form).) We also find no support in the record for plaintiffs' contention that defendants "agreed to" the blanket restriction now appealed from. Further, given our finding that no hearing has been set thus far on the propriety of the injunctive relief granted as a result of which the court's order of November 21 remains in effect, we reject plaintiffs' remaining contentions with respect to the timeliness of this appeal and its justiciability. Compare *Oscar George Electric Co. v. Metropolitan Fair & Exposition Au-*

*thority* (1982), 104 Ill. App. 3d 957, 433 N.E.2d 958 (where defendant filed an untimely appeal from a temporary restraining order four days before the hearing date set by the trial court on defendants' motion to dissolve the injunction).

Under the circumstances presented, we believe the only issue before this court to be the propriety of the November 21 order which modified the injunction entered on October 26. We find the factual situation here to be similar to that before the court in *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 442 N.E.2d 633, where a temporary restraining order was entered pursuant to a summary proceeding with notice but no definite hearing date set on plaintiffs' motion for a preliminary injunction. The court in *Jurco* noted that a temporary restraining order is a drastic emergency remedy which may issue only in exceptional circumstances and for a brief duration upon a summary showing of the necessity of the order to prevent immediate and irreparable injury, and that the purpose of such an order is to maintain the status quo until a hearing can be had on an application for a preliminary injunction. Upon the presentation of evidence and legal arguments, a preliminary injunction may then issue in order to maintain the status quo during the pendency of the trial on the merits. (110 Ill. App. 3d 405, 408-09, and other cases cited therein.) While a temporary restraining order may exist beyond 10 days, the hearing must be set within a short time thereafter so as to prevent the potential significant consequences of allowing a summary proceeding to exist for more than short period of time. Citing *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B Graphic Arts International Union* (1976), 63 Ill. 2d 514, 349 N.E.2d 36, the court in *Jurco* stated:

> "To allow a temporary restraining order of unlimited duration is to have a preliminary injunction *** without giving the one party a fair opportunity to oppose the application and to show if he can why an injunction should not issue." (110 Ill. App. 3d 405, 409.)

The court went on to conclude that the order before it, which emanated from a summary proceeding, albeit with notice, for an unspecified time, did not comport with the statutory scheme envisioned by the legislature and, pursuant to the defendant's request, remanded the cause for an immediate hearing on the plaintiff's motion for a preliminary injunction.

■ We believe this to constitute the appropriate relief in the case now before us; accordingly, we affirm the trial court's injunctive order entered on November 21 modifying its October 26 order

and remand this cause with instructions to proceed with an immediate hearing on plaintiffs' motion for a preliminary injunction. Plaintiffs' motion to dismiss is denied.

Motion to dismiss denied, order affirmed and cause remanded with directions.

CAMPBELL and BUCKLEY, JJ., concur.