ALI H. ABDULHAFEDH, Plaintiff-Appellee, v. THE SECRETARY OF STATE, and all agents, servants and employees thereof, Defendants-Appellants.

Second District No. 2—87—0559

Opinion filed October 6, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Scott D. Spooner,

Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, the Secretary of State of the State of Illinois (Secretary), appeals from an order of the circuit court granting the motion of the plaintiff, Ali H. Abdulhafedh, for the extension of a temporary restraining order (TRO). On appeal, the defendant contends that the circuit court's June 12, 1987, extension of the TRO was improper because (1) it exceeded the durational scope intended for a TRO, and (2) the plaintiff failed to demonstrate a likelihood of success on the merits of his case.

Initially, we note that the plaintiff has not filed an appellee's brief in this case. We elect to review the issues raised in this appeal, however, based on the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128. On February 13, 1987, the plaintiff pleaded guilty to the offense of driving under the influence of alcohol in Lake County, Indiana. The State of Indiana, pursuant to statutory provisions equivalent to the Illinois driver license compact (see Ill. Rev. Stat. 1985, ch. 95½, par. 6—700 *et seq.*), reported the plaintiff's conviction for driving under the influence of alcohol to the Illinois Secretary of State. On March 18, 1987, the plaintiff received a notice of revocation, pursuant to section 6—206(a)(6) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206(a)(6)), which advised him that his driving privileges in the State of Illinois would be revoked on March 20, 1987, and that all registration certificates and license plates issued for any motor vehicle registered in his name were suspended.

On March 24, 1987, the plaintiff filed a complaint for declaratory judgment, a motion for a TRO pursuant to section 11—101 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 11—101), and an affidavit in support of those motions. The plaintiff's complaint alleged that the Secretary's action under the Illinois driver license compact (Compact) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—700 *et seq.*) failed to give full faith and credit to the Indiana State court proceedings in violation of article IV, section 1, of the United States Constitution (U.S. Const., art. IV, sec. 1). Additionally, the plaintiff alleged that the Secretary's action under the Compact imposed and inflicted punishment on the plaintiff without affording him a trial, thereby resulting in a bill of attainder in violation of article I, section 10, of the United States Constitution (U.S. Const., art. I, sec. 10).

The plaintiff failed to notify the defendant, pursuant to section 11—101 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 11—101), that the plaintiff intended to obtain a TRO staying the revocation of his driver's license.

On March 24, 1987, in an *ex parte* proceeding, the circuit court granted the plaintiff's motion for a TRO. Subsequently, the defendant unsuccessfully attempted to remove the case to Federal court. On April 3, 1987, the circuit court extended the TRO by 12 days. On April 13, 1987, the defendant filed a motion to dismiss the TRO and a memorandum in support of that motion. Two days later, the circuit court extended the TRO until June 19, 1987, and the plaintiff was given 21 days to respond to the defendant's motion to dismiss.

On June 12, 1987, the circuit court again extended the TRO until July 10, 1987, because the plaintiff demonstrated good cause to support an extension of time, and the court needed time to review the briefs and arguments of the parties. The defendant appeals from the June 12 order extending the TRO.

██ ■ The purpose of a TRO is to allow the circuit court to preserve the status quo pending a hearing to determine whether it should grant a preliminary injunction. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 541; *In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061, 1066.) The granting or denial of a TRO is within the sound discretion of the circuit court (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 541), and its determination should not be overturned on review unless there has been an abuse of discretion (*Hawthorne Bank v. Village of Glen Ellyn* (1987), 154 Ill. App. 3d 661, 666). The question raised in this appeal is whether the circuit court abused its discretion in granting the June 12 extension of the TRO. Our analysis of the applicable law in conjunction with the particular facts of this case leads us to conclude that the circuit court's extension of the TRO was improper.

■ A TRO is a drastic, emergency remedy which may issue only in exceptional circumstances and for a brief duration. (*Greenspan v. Mesirow* (1985), 132 Ill. App. 3d 508, 511; *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 408.) When issued *ex parte*, a TRO cannot be granted for longer than 10 days. (Ill. Rev. Stat. 1985, ch. 110, par. 11—101.) If, however, a TRO is issued with notice, then the 10-day time limit does not apply. (110 Ill. App. 3d 405, 409; *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1125.) In this case, the initial issuance of the TRO was entered *ex parte*. The defendant, however, had notice with respect to the June 12 order extending the

TRO. Therefore, the 10-day time limit is not applicable to this case.

■ A problem arises where a TRO has been issued yet no hearing date is set. (See *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 409.) While a TRO may be in effect beyond 10 days, a "hearing must be set within a short time thereafter so as to prevent the potential significant consequences of allowing a summary proceeding to exist for more than a short period of time." (*Greenspan v. Mesirow* (1985), 132 Ill. App. 3d 508, 511; see also Ill. Rev. Stat. 1985, ch. 110, par. 11—101.) To allow a TRO of unlimited duration is to have a preliminary injunction without allowing the defendant a fair opportunity to show why an injunction should not be issued. *Greenspan v. Mesirow* (1985), 132 Ill. App. 3d 508, 511; *Jurco v. Stuart* (1982), 110 Ill. App. 3d 405, 409.

■ We believe that the instant order, although labeled as a TRO, has had the effect of a preliminary injunction. The circuit court repeatedly extended the March 24 order for a total of 98 days (April 3 to July 10). The record indicates that although the TRO was extended until July 10, the circuit court failed to set a date for a hearing so that the defendant could present evidence and legal argument. Because the TRO has an unlimited duration and no date was set for a preliminary injunction hearing, we conclude that the circuit court's June 12 order does not comport with the statutory scheme of section 11—101 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 11—101) or the case law interpreting section 11—101.

■ The defendant also contends that the circuit court's June 12 order was improper because the plaintiff failed to demonstrate a likelihood of success on the merits of his case. We agree.

It is well established that before a TRO with notice may be issued a party must show a likelihood of success on the merits of the case. (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B Graphic Arts International Union* (1976), 63 Ill. 2d 514, 524; *Citizens Utilities Co. v. O'Connor* (1984), 121 Ill. App. 3d 533, 535.) To show a likelihood of success on the merits, a party must: (1) raise a fair question as to the existence of the right claimed, (2) lead the court to believe that he will probably be entitled to the relief prayed for if the proof sustains his allegations, and (3) make it appear advisable that the positions of the parties stay as they are until the court has an opportunity to consider the merits of the case. *Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 141.

■ The plaintiff has failed to raise a fair question as to the existence of an infringement upon his constitutional rights. The plaintiff's complaint for declaratory judgment first alleged that the Secre-

tary's action was unconstitutional because it failed to give full faith and credit to the Indiana State court proceedings. The plaintiff's contention has been squarely addressed in *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893. In *Rigney*, the court held that the Illinois driver license compact does not violate the full faith and credit clause of the United States Constitution. 135 Ill. App. 3d 893, 900.

The plaintiff's complaint also alleged that the Secretary's action pursuant to section 6—206(a)(6) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206(a)(6)) constituted a bill of attainder in that it inflicted punishment without affording the plaintiff a trial. In our view, it is unlikely that the failure of section 6—206(a)(6) to grant the plaintiff a trial prior to the revocation of his license violates the plaintiff's constitutional rights. *Cf. Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612 (suspension of driver's license for failure to take breath test without preliminary hearing held constitutional); *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723 (revocation of driver's license for repeated traffic offenses without preliminary hearing held constitutional).

For the reasons expressed above, we conclude that the circuit court abused its discretion in granting the plaintiff's motion for a TRO when the plaintiff failed to show a likelihood of success on the merits and abused its discretion in extending the TRO for a period of 98 days. Accordingly, we reverse the judgment of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

DUNN and WOODWARD, JJ., concur.