DEBORAH L. KILHAFNER, Plaintiff-Appellee, v. HELEN S. HARSHBARGER, Clerk of the Circuit Court of Will County, Defendant-Appellant and Third-Party Defendant-Appellant (Edward F. Masters, Chief Judge of Will County, Intervenor and Third-Party Plaintiff-Appellee).

Third District   No. 3—93—0194

Opinion filed June 1, 1993.

Michael A. Ficaro, of Hopkins & Sutter, of Chicago (David B. Goroff, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Thomas R. Wilson, of counsel), for appellee Deborah L. Kilhafner.

Roland W. Burris, Attorney General, of Springfield (Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee Edward F. Masters.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Deborah L. Kilhafner, brought an action for preliminary injunction against the defendant, Helen S. Harshbarger, in her capacity as the Will County circuit court clerk, claiming that Harshbarger had attempted to terminate her employment without the authority to do so. Edward F. Masters, chief judge of the Will County

circuit court, intervened. The trial court granted the injunction in part and Harshbarger appeals. We reverse.

Prior to November 30, 1992, the plaintiff was employed as the chief deputy clerk for automation in the Will County circuit clerk's office. Her salary was paid entirely by the "automation fund" established by Will County pursuant to section 27.3a of the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, par. 27.3a). This section allows the circuit clerk, with the approval of the county board, to levy an automation fee on new cases filed in the county. (Ill. Rev. Stat. 1991, ch. 25, par. 27.3a(1).) The money collected through assessment of the fee is to be deposited with the county treasurer in a special fund and is to be used for court automation. (Ill. Rev. Stat. 1991, ch. 25, par. 27.3a(3).) Any expenditures from the fund must be approved by both the circuit clerk and the chief judge. Ill. Rev. Stat. 1991, ch. 25, par. 27.3a(3).

On November 30, 1992, circuit clerk Harshbarger terminated the plaintiff's employment without consulting or securing the agreement of the chief judge. The plaintiff brought an action for preliminary injunction, arguing that the statute's grant of coextensive power over expenditures from the fund to the circuit clerk and the chief judge required that the chief judge's consent be obtained before terminating her employment. The chief judge made the same arguments in his third-party complaint. The trial court granted the injunction in part by ordering Harshbarger to authorize payment of the plaintiff's salary and to reinstate the plaintiff's medical benefits. However, the trial court did not order Harshbarger to make use of the plaintiff's services.

The sole issue on appeal is whether the trial court abused its discretion in issuing the preliminary injunction in favor of the plaintiff.

In order to establish a right to a preliminary injunction, the plaintiff must establish each of the following five elements: (1) that she possesses a certain and clearly ascertainable right which needs protection; (2) that she will suffer irreparable harm without the protection of an injunction; (3) that there is no adequate remedy at law; (4) that there is a substantial likelihood of success on the merits; and (5) that she would suffer greater harm without the injunction than the defendant would suffer as a result of the injunction. (*Hough v. Weber* (1990), 202 Ill. App. 3d 674, 560 N.E.2d 5.) Mandatory preliminary injunctions are not favored by the courts (*Gold v. Ziff Communications Co.* (1989), 196 Ill. App. 3d 425, 553 N.E.2d 404), and injunctive relief will not be granted against public officials with respect to their official acts unless the acts complained of are outside their authority or un-

lawful (*Illinois Federation of Teachers v. Board of Trustees* (1989), 191 Ill. App. 3d 769, 548 N.E.2d 64). However, the decision to grant or deny a preliminary injunction will not be disturbed absent an abuse of discretion. *Witter v. Buchanan* (1985), 132 Ill. App. 3d 273, 476 N.E.2d 1123.

We conclude that the plaintiff has failed to show at least two of the elements required for the granting of a preliminary injunction, a clear and ascertainable right and a substantial likelihood of success on the merits.

First, in order to show a clear and ascertainable right, the plaintiff was required to allege an injury to some substantive interest recognized by statute or common law. (*Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 492 N.E.2d 969.) Here, the plaintiff has failed to show that she is anything other than an employee-at-will of the circuit clerk, and thus she has no recognized "right" to her job. See *Kelsay v. Motorola, Inc.* (1977), 51 Ill. App. 3d 1016, 366 N.E.2d 1141 (recognizing the general rule that employment at will may be terminated by either party with no right of action for discharge).

Second, we note that the plaintiff's employment as a deputy clerk reduces her likelihood of success on the merits because the Clerks of Courts Act gives the circuit clerk the power to hire and fire deputies. (Ill. Rev. Stat. 1991, ch. 25, par. 9.) Pertinent case law reveals that although the chief judge may exercise general control over the circuit clerk's office and although the county board may control the pay of the deputies, the circuit clerk is the employer of the deputies. (*County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 507 N.E.2d 482; *Kotche v. County Board* (1980), 87 Ill. App. 3d 1127, 409 N.E.2d 501.) Further, the fact that the statutory provision allowing for creation of the automation fund was placed in the Clerks of Courts Act is significant in that it implies the intention of the legislature to bring the day-to-day functioning of this fund under the control of the circuit clerk. Thus, it also implies the power of the circuit clerk to assign deputies to automation fund tasks as he/she would assign deputies to other tasks in his/her office. We find in the statute's grant of coextensive power over expenditures from the automation fund no legislative intent to confer on the chief judge any power to make staffing decisions with regard to which deputies will be assigned to automation fund tasks. Therefore, we find that the plaintiff has little likelihood of success on the merits of her claim.

Although we doubt that the plaintiff would be able to meet her burden with regard to the issues of irreparable harm and inadequate

230

remedy at law, we need not address those issues because we find the preceding inadequacies sufficient to warrant reversal.

For the foregoing reasons, we hold that the trial court abused its discretion in issuing the injunction.

Accordingly, the judgment of the circuit court of Will County is reversed.

Reversed.

LYTTON and SLATER, JJ., concur.