(text box: 1) NO. 5-03-0048

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

LAS, INC., )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Madison County.

) 

v. )  No. 00-MR-613

)

MINI-TANKERS, USA, INC., )  Honorable

)  Ralph J. Mendelsohn,

     Defendant-Appellant. )  Judge, presiding.

__________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

The issue presented by this appeal is whether the defendant, Mini-Tankers, USA, Inc., waived its right to compel the arbitration of a dispute between it and the plaintiff, LAS, Inc., by its participation in the lawsuit filed by the plaintiff in the circuit court of Madison County.  The trial court found that it had.  We reverse.  We will set forth the facts, and the history of the proceedings before the trial court, only as they pertain to this issue.

On December 26, 2000, the plaintiff filed, in the circuit court of Madison County, a two-count complaint against the defendant.  The complaint sought (1) a declaratory judgment that the defendant had breached a subfranchise agreement between the parties, thereby excusing the plaintiff from performing its obligations under the agreement, and (2) damages for a breach of the agreement.  Attached to the complaint and incorporated therein was a copy of the subject subfranchise agreement.

On March 8, 2001, the defendant filed a motion to dismiss the complaint pursuant to section 2-619(a)(6) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(6) (West 2000)), because the plaintiff, through its controlling shareholder and president, had allegedly released the defendant from any and all claims that the plaintiff might have had against it.  The plaintiff filed a response to the motion to dismiss on June 19, 2001.  It alleged that the person who executed the release had no interest in the plaintiff at the time the release was executed.  The motion to dismiss was never set for a hearing or presented to the trial court. 

On August 10, 2001, the defendant filed a motion to dismiss or, alternatively, for a summary judgment, on the ground that the plaintiff's claims were based on alleged breaches of the subfranchise agreement and that the agreement contained a provision that any dispute relating to or arising out of the agreement must be submitted to nonbinding mediation and then binding arbitration if necessary.  Accordingly, the defendant claimed that the dispute between the parties could not be litigated in the circuit court but must be submitted to mediation and arbitration in accordance with the subfranchise agreement.  On the same date, the defendant filed in the circuit court a motion to compel the mediation and arbitration of the dispute.        

On October 19, 2001, the trial court entered an order directing the parties to file "motions for summary judgment on existence of a contract between the litigants such that the Court may rule on remaining issues."  On January 7, 2002, the defendant filed a motion for a summary judgment in its favor because the subfranchise agreement out of which the dispute had arisen required that the dispute be submitted to mediation and, if necessary, arbitration.      

In its June 27, 2002, response to the motion for a summary judgment, the plaintiff argued that the defendant had waived its right to mediation and arbitration by filing its initial motion to dismiss pursuant to section 2-619 of the Code.  The plaintiff argued that any participation by the defendant in the circuit court that does not assert the defendant's right to arbitration is inconsistent with that right to arbitration and constitutes a waiver of that right.  The plaintiff argued that had the defendant prevailed on its initial motion to dismiss, it would have resulted in the dismissal of the cause based on a factual and legal defense, not based on the arbitration clause.  Accordingly, the plaintiff argued that the filing of the motion to dismiss was inconsistent with an assertion of the defendant's right to arbitration.  The defendant filed a reply, arguing that it had not waived its right to arbitration by the filing of its section 2-619 motion to dismiss.

On December 19, 2002, the trial court denied the defendant's motion for a summary judgment.  The defendant now brings this appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)). 

The parties agree that this is an interlocutory appeal properly brought pursuant to Supreme Court Rule 307(a)(1), which allows interlocutory appeals from judgments involving the grant, denial, dissolution, or modification of an injunction.  188 Ill. 2d R. 307(a)(1).  Because an order on a motion to compel arbitration is in the nature of injunctive relief, those orders are reviewable under Supreme Court Rule 307(a)(1).  See 
Clark v. Country Mutual Insurance Co.
, 131 Ill. App. 3d 633, 636 (1985); 
Deien Chevrolet, Inc. v. Reynolds & Reynolds Co.
, 265 Ill. App. 3d 842, 844 (1994).  

The parties disagree, however, on the proper standard of review.  The defendant argues that because the facts are undisputed and the only issue before the trial court was one of law, the proper standard of review is 
de novo
.  See 
La Hood v. Central Illinois Construction, Inc.
, 335 Ill. App. 3d 363, 364 (2002).  The plaintiff argues that the facts are not undisputed and that, in any event, the proper standard of review for an appeal brought pursuant to Supreme Court Rule 307(a)(1) is whether the trial court abused its discretion.  See 
Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC
, 319 Ill. App. 3d 1089, 1092 (2001).   

We are aware of the split of authority on the question of the appropriate standard of review to be applied to the question now before us on review.  However, we believe that the proper standard of review is to be determined by the nature of the question presented to the trial court, not by the supreme court rule under which the appeal is brought.  Those cases holding that an abuse of discretion is the proper standard of review do so primarily because the appeal had been brought pursuant to Supreme Court Rule 307(a)(1), and cases have generally held that in appeals brought pursuant to that supreme court rule, the proper standard of review is an abuse of discretion.  While that may be the appropriate standard of review for most appeals brought from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction" (188 Ill. 2d R. 307(a)(1)), it is the not the appropriate standard of review to be applied to the case at bar.  

We believe that the proper standard of review is dictated by the nature of the question presented to the trial court.  In the instant case the facts simply are not in dispute, and the only issue presented to the trial court was whether those facts established a waiver of the defendant's right to arbitration as a matter of law.  The trial court made no factual or credibility determinations.  A reviewing court determines a legal question independently of the trial court's judgment, using a 
de novo
 standard of review.  
Clemons v. Mechanical Devices Co.
, 202 Ill. 2d 344, 352 (2002).  Accordingly, we will review the issue presented using the 
de novo
 standard of review. 

Our position regarding the proper standard of review is consistent with federal case law which holds that the review of a federal district court's decision regarding the waiver of a party's right to arbitrate is 
de novo
, while the review of the factual findings on which the district court relied is by the clear error standard.  See 
Thyssen, Inc. v. Calypso Shipping Corp., S.A.
, 310 F.3d 102, 104 (2d Cir. 2002); 
Iowa Grain Co. v. Brown
, 171 F.3d 504, 509 (7th Cir. 1999); 
Britton v. Co-op Banking Group
, 916 F.2d 1405, 1409 (9th Cir. 1990); 
Subway Equipment Leasing Corp. v. Forte
, 169 F.3d 324, 326 (5th Cir. 1999); 
Stifel, Nicolaus & Co. v. Freeman
, 924 F.2d 157, 158 (8th Cir. 1991).  Because in the case at bar the facts are undisputed and the trial court was not required to make any factual findings, our review is 
de novo
.  

The parties agree that their dispute arises out of the subfranchise agreement and that the agreement provides that any disputes arising therefrom must be submitted to mediation and arbitration if necessary.  The parties also agree that, pursuant to the subfranchise agreement, all issues relating to the arbitrability of disputes or the enforceability of the agreement's mediation and arbitration clauses are governed by federal law.

We now address the question presented for our review: whether the trial court erred as a matter of law in determining that the defendant had waived its right to arbitration by filing an initial motion to dismiss pursuant to section 2-619 of the Code, before asserting its right to arbitration.  In reviewing the federal case law cited by both parties, we conclude that there is no hard-and-fast rule on what constitutes a waiver of the right to arbitration and that each case must be decided on its own unique facts.  
Adams v. Merrill Lynch, Pierce, Fenner & Smith
, 888 F.2d 696, 701 (10th Cir. 1989); 
Ohio-Sealy Mattress Manufacturing Co. v. Kaplan
, 712 F.2d 270, 273 (7th Cir. 1983).  The United States Supreme Court has made clear, however, that there is a liberal federal policy favoring arbitration agreements and that any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.  
Moses H. Cone Memorial Hospital v. Mercury Construction Corp.
, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 785, 103 S. Ct. 927, 941 (1983).    

The majority of federal cases are consistent in their holdings with respect to a party's waiver of its right to arbitration.  The party asserting waiver bears a heavy burden of proof to show that the party seeking arbitration had knowledge of its existing right to compel arbitration but acted inconsistently with that right and that the party asserting waiver suffered prejudice as a result of the alleged waiver.  
Sovak v. Chugai Pharmaceutical Co.
, 280 F.3d 1266, 1270 (9th Cir. 2002); 
Stifel, Nicolaus & Co. v. Freeman
, 924 F.2d 157, 158 (8th Cir. 1991).  Thus, waiver will be found when the party seeking arbitration substantially invokes the judicial process and substantially participates in litigation to a point inconsistent with an intent to arbitrate, to the detriment or prejudice of the other party.  
Subway Equipment Leasing Corp. v. Forte
, 169 F.3d 324, 326 (5th Cir. 1999); 
Morewitz v. West of England Ship Owners Mutual Protection & Indemnity Ass'n
, 62 F.3d 1356, 1366 (11th Cir. 1995).  These cases consistently require a showing of prejudice on behalf of the party opposing arbitration.  
Restoration Preservation Masonry, Inc. v. Grove Europe Ltd.
, 325 F.3d 54, 61 (1st Cir. 2003); 
Stifel, Nicolaus & Co.
, 924 F.2d at 158; 
Morewitz
, 62 F.3d at 1366; 
Adams v. Merrill Lynch, Pierce, Fenner & Smith
, 888 F.2d 696, 701 (10th Cir. 1989); 
Cargill Ferrous International v. Sea Phoenix MV
, 325 F.3d 695, 700 (5th Cir. 2003); 
Sovak
, 280 F.3d at 1270; 
Thyssen, Inc. v. Calypso Shipping Corp., S.A.
, 310 F.3d 102, 105 (2d Cir. 2002).    

Nevertheless, relying on 
Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.
, 50 F.3d 388 (7th Cir. 1995), the plaintiff in the case at bar argues that it need not demonstrate any prejudice as a result of the defendant's filing of the initial motion to dismiss prior to asserting its right to arbitration.  
Cabinetree of Wisconsin, Inc.
, does indeed hold that in order to establish a waiver of the right to arbitrate, the party opposing arbitration need not show that it would be prejudiced if arbitration was compelled.  
Cabinetree of Wisconsin, Inc.
, 50 F.3d at 390.  
Cabinetree of Wisconsin, Inc.
, held that an election to proceed before a nonarbitral tribunal is a presumptive waiver of the right to arbitrate and that the party opposing arbitration need not show any prejudice beyond what is inherent in an effort to change forums in the course of litigation.  
Cabinetree of Wisconsin, Inc.
, 50 F.3d at 390.  However, as the court in 
Cabinetree of Wisconsin, Inc.
, itself points out, its position is a minority view and is not consistent with the majority of the federal cases on point.  
Cabinetree of Wisconsin, Inc.
, 50 F.3d at 390.  

The Illinois Supreme Court has clearly stated that the Seventh Circuit Court of Appeals exercises no appellate jurisdiction over Illinois appellate courts, and we are not bound to follow decisions of the Seventh Circuit where the United States Supreme Court has not ruled on the question presented, there is a split of authority among the federal circuit courts of appeal, and we believe the case from the Seventh Circuit was wrongly decided.  
Weiland v. Telectronics Pacing Systems, Inc.
, 188 Ill. 2d 415, 423 (1999).  Accordingly, we decline to follow 
Cabintree of Wisconsin, Inc.
, but choose to follow the majority view with respect to the issue before us. 

We conclude that the trial court erred as a matter of law in determining that the defendant had waived its right to arbitration, for two reasons: the defendant did not substantially participate in the trial court litigation to a point inconsistent with an intent to arbitrate, and the plaintiff neither claimed nor demonstrated any prejudice from the defendant's filing of its section 2-619 motion to dismiss prior to its assertion of its right to arbitrate.  The defendant's only participation in the trial court litigation was to file an initial motion to dismiss pursuant to section 2-619 of the Code.  This motion was never presented to or ruled upon by the trial court.  Neither party engaged in any discovery, and no other proceedings occurred in the trial court prior to the defendant's assertion of its right to arbitration.  The defendant asserted its right to arbitration less than eight months after the filing of the initial complaint.  This simply does not constitute substantial participation in the litigation to a point that is inconsistent with the defendant's intent to arbitrate.  The cases cited above demonstrate as a matter of law that the defendant did not so substantially participate in the trial court litigation as to waive its right to arbitrate.

Secondly, the plaintiff neither claims nor demonstrates any prejudice as a result of the defendant's filing of a section 2-619 motion to dismiss prior to its assertion of its right to arbitrate, and it did not do so before the trial court.  The plaintiff only argues that, pursuant to 
Cabinetree of Wisconsin, Inc.
, it is not required to show any prejudice.  A waiver of the right to arbitrate may not be found in the absence of prejudice to the party opposing arbitration.       

We note that this case does not involve forum-shopping on the part of the defendant, as the plaintiff asserts.  The defendant had not received an adverse ruling from the trial court before electing to proceed in arbitration.  The defendant did not check to see which way the wind was blowing and then change its course because it did not like the wind’s direction.  The trial  court in the case at bar had not ruled on any substantive issue in the case, the case was not at issue, and no discovery had actually begun.  

Finally, we point out that we would reach the same result if we employed the abuse-of-discretion standard of review, as the plaintiff desires.  In the absence of any claim or showing of prejudice on the part of the plaintiff, finding a waiver of the right to arbitrate on the part of the defendant would constitute an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed, and this cause is remanded for further proceedings and for the entry of appropriate orders not inconsistent with this opinion.

Reversed; cause remanded.

KUEHN and DONOVAN, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/27/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.