ALAN LIBBRA, Petitioner-Appellant, v. THE MADISON COUNTY REGIONAL BOARD OF SCHOOL TRUSTEES *et al.*, Respondents-Appellees.

Fifth District    No. 5—04—0087

Opinion filed March 11, 2004.

868

J. William Lucco and Jessica J. Koester, both of Lucco & Brown Law Offices, of Edwardsville, for appellant.

Thomas W. Kelty, of Kelty Law Offices, P.C., of Springfield, for appellees Debra A. Atwood, Jackie L. Barlow, Michael G. Best, Connie S. Holland, Delores A. Martintoni, Ken A. Schlemer, Sara B. Schlemer, Terry Alan Wray, Jerry L. Zeller, and Rita F. Zeller.

William A. Mudge, State's Attorney, of Edwardsville (John McGuire, Assistant State's Attorney, of counsel), for Mark VonNida.

Brent A. Cain, of Bertinelli & Cain, of Carlinville, for appellee Macoupin County Regional Board of School Trustees.

William W. Schooley, of Collinsville, for appellees Harry Briggs and Madison County Regional Board of School Trustees.

JUSTICE HOPKINS delivered the opinion of the court:

The petitioner, Alan Libbra, appeals the trial court's interlocutory order granting the motion of the respondents, the Madison County

Regional Board of School Trustees *et al.*, to lift a stay imposed by statute once a party has filed a complaint for administrative review (105 ILCS 5/7—7 (West 2002)). The petitioner appealed under Supreme Court Rules 307(a)(1) and (d) (188 Ill. 2d Rs. 307(a)(1), (d)). We vacate the trial court's order.

## FACTS

On October 27, 2003, a petition to annex the Livingston Community Consolidated District No. 4 (Livingston), in Madison County, to the Staunton Community Unit School District No. 6 (Staunton), in Macoupin County, was filed pursuant to section 7—2 of the School Code (105 ILCS 5/7—2 (West 2002)). The petition also asked that the regional boards implement and ensure that the matter of the petition be submitted "to the voters of both the Livingston Community Consolidated School District No. 4 and the Staunton Community Unit School District No. 6 at the next regularly scheduled election on March 16, 2004."

On November 17, 2003, two of the respondents—the Madison County Regional Board of School Trustees and the Macoupin County Regional Board of School Trustees—held a special joint meeting to consider the petition to annex filed on October 27, 2003.

The respondent Harry Briggs, the regional superintendent and *ex officio* secretary of the Madison County Regional Board of School Trustees, advised the chairperson that the petitioner had filed an objector's exhibit, containing six written objections, that day. The petitioner's written objections were as follows: (1) that the regional boards have discretion on the question of whether to allow the election petitioned for but are failing to exercise their discretion and are failing to consider the results of a commissioned study, (2) that the study recommends that Livingston be annexed to Highland Community Unit School District, (3) that "[t]he time has not expired to challenge the 'Petition in Opposition of the Dissolution of the Livingston Community Consolidated School District No. 4' which could bar the present action," (4) that the petition for annexation is barred by the two-year ban on successive petitions, (5) that the statutory requirements of sections 7—6(h) through (k) of the School Code (105 ILCS 5/7—6(h) through (k) (West 2002)) have not been met, and (6) that there has been a lack of an opportunity to review and oppose the petition for annexation and a lack of a reasonable time to obtain the withdrawals of signatures from the petition.

The substance of the petition to annex was stated, *i.e.*, Harry Briggs stated that the regional board had reviewed the Madison County portion of the petition and that it had found the "prayer and

the signatures to be in order." The respondent Larry Pfeifer, the regional superintendent and *ex officio* secretary of the Regional Board of School Trustees of Macoupin County, also stated that the regional board had reviewed the Macoupin County portion of the petition to annex and that "a majority of the qualified voters" of the Staunton Community Unit School District No. 6 had signed the petition. The Madison County Regional Board of School Trustees and the Macoupin County Regional Board of School Trustees each made and passed a motion to pass the petition to annex and to place the matter on the respective ballot at the March 16, 2004, election. After the petition to annex was passed, public comment was requested, but no public comment was made.

On December 22, 2003, the petitioner filed his complaint for the administrative review of the decision made by the joint regional boards on November 17, 2003. On January 29, 2004, the respondents filed a motion to lift the statutory stay mandated by section 7—7 of the School Code. That provision states in pertinent part as follows: "The commencement of any action for judicial review shall operate as a stay of enforcement, and no further proceedings shall be had until final disposition of such review." 105 ILCS 5/7—7 (West 2002). The respondents' motion requested only that the statutory stay be lifted temporarily in order to allow the matter to be placed on the ballot for the March 16, 2004, general election.

On January 29, 2004, the court heard arguments concerning the respondents' motion to lift the statutory stay. The court entered an order on January 30, 2004, partially lifting the statutory stay imposed, thereby allowing the question of the annexation of Livingston to Staunton to be placed on the ballot in Macoupin County and the question of the dissolution and annexation of Livingston to Staunton to be placed on the ballot in Madison County. The petitioner filed his interlocutory appeal and requested that the appeal be expedited.

## ANALYSIS

█ The parties disagree on the standard of review. We find the reasoning of *LAS, Inc. v. Mini-Tankers, USA, Inc.*, 342 Ill. App. 3d 997 (2003), applicable. In *LAS, Inc.*, this court held that it is the nature of the question presented to the court and not the supreme court rule that dictates the standard of review. *LAS, Inc.*, 342 Ill. App. 3d at 1001. Where the court's review is of a legal question, such as the interpretation of a statute, which we have here, the standard of review is *de novo*. *LAS, Inc.*, 342 Ill. App. 3d at 1001. Accordingly, we apply the *de novo* standard of review.

In this case, the petitioner argues that the language of section

7—7 of the School Code requires that the petition to annex cannot be placed on the March 16, 2004, ballot because the statute mandates that no further proceedings can occur after the complaint for administrative review is filed. We do not agree for the following reasons.

The petition filed on October 27, 2003, contained two requests: that the boundaries be changed for Livingston and that a referendum concerning the public question of the changing of the boundaries be put on the ballot of the March 16, 2004, general election. Thus, the petition set in motion two separate processes, one governed by the School Code (105 ILCS 5/1—1 *et seq.* (West 2002)) and one governed by the Election Code (10 ILCS 5/1—1 *et seq.* (West 2002)). Section 7—7.5 of the School Code provides that elections concerning matters such as the one presented here are to be conducted in accordance with the general election law. 105 ILCS 5/7—7.5 (West 2002). Thus, because both the School Code and the Election Code are applicable to the situation, we must construe the codes in harmony with each other, if possible, consistent with the legislative intent of both statutes. *McRell v. Jackson*, 49 Ill. App. 3d 86 (1977).

■ Section 7—7 of the School Code states, "The commencement of any action for judicial review shall operate as a stay of enforcement, and no further proceedings shall be had until final disposition of such review." 105 ILCS 5/7—7 (West 2002). The purpose of this section "is to prevent confusion among students, school bodies[,] and others affected and to avoid unnecessary complications in the expenditure of public funds." *Board of Education of Golf School District No. 67 v. Regional Board of School Trustees of Cook County*, 89 Ill. 2d 392, 402 (1982). In *Board of Education of Golf School District No. 67*, the Illinois Supreme Court held that allowing detachment-area children to attend the annexing school district during the pendency of the appeal of the decision violated section 7—7. *Board of Education of Golf School District No. 67*, 89 Ill. 2d at 402. The supreme court's holding was in accord with the purpose of the statute.

■ Section 10—8 of the Election Code (10 ILCS 5/10—8 (West 2002)) establishes that petitions to submit public questions for a referendum are deemed valid unless an objection is made in writing within five business days after the last day for filing the petition for a public question. 10 ILCS 5/10—8 (West 2002); *Geer v. Kadera*, 173 Ill. 2d 398 (1996). Section 28—4 of the Election Code provides that sections 10—8 through 10—10.1 of the Election Code (10 ILCS 5/10—8 through 10—10.1 (West 2002)) pertain to objections to petitions for the submission of questions of public policy. 10 ILCS 5/28—4 (West 2002). Section 10—9 of the Election Code (10 ILCS 5/10—9 (West

2002)) also provides that electoral boards are to resolve disputes concerning elections; section 10—10 (10 ILCS 5/10—10 (West 2002)) gives the electoral boards the power to administer oaths, issue subpoenas, and examine witnesses; and section 10—10.1 provides for judicial review. *Geer*, 173 Ill. 2d at 406. However, section 28—4 of the Election Code also states as follows:

"Where a statute authorizing a public question specifies judicial procedures for the determination of the validity of such petition, or for the determination by the court as to any findings required prior to ordering the proposition submitted to referendum, the procedures specified in that statute shall govern." 10 ILCS 5/28—4 (West 2002).

If an objector does not use these procedures, any objection will be waived. *Geer*, 173 Ill. 2d at 406. Further, a circuit court does not have original jurisdiction over objections to election matters such as objections to nomination papers and referendums of public questions. *Geer*, 173 Ill. 2d at 407. The electoral board has been vested with original jurisdiction to hear election disputes. *Geer*, 173 Ill. 2d at 407.

■ Section 28—5 of the Election Code requires that the local election official certify the public questions to be submitted to the voters not less than 61 days before a regularly scheduled election. 10 ILCS 5/28—5 (West 2002). Section 28—6 of the Election Code provides the requirements for a petition for a question of public policy. 10 ILCS 5/28—6 (West 2002). Section 28—6(a) also provides in pertinent part as follows:

"Where such a question is to be submitted to the voters of *** a township or school district located entirely within the jurisdiction of a municipal board of election commissioners, such petitions shall be filed with the board of election commissioners having jurisdiction over the political subdivision." 10 ILCS 5/28—6(a) (West 2002).

With these various statutes in mind, we attempt to resolve the conundrum of the issue placed before this court by this appeal. We determine that the conundrum exists because an election, governed by the Election Code, is being challenged by the use of the School Code, without utilizing the statutory election-challenge procedures set out in the Election Code.

Clearly, section 7—7 of the School Code imposes a "stay of enforcement" of "further proceedings" when judicial review is sought. 105 ILCS 5/7—7 (West 2002). Section 7—7 just as clearly does not give authority to stay the election process as controlled by the Election Code.

■ None of the petitioner's six objections asserted that the petition filed with the regional boards on October 27, 2003, was not in conform-

ance with the requirements of the Election Code. Therefore, because there were no timely filed objections to the petition under the Election Code, the petitioner waived his objections to the election process. Additionally, under the Election Code, when there is no timely objection to a petition to place a referendum of a public question on a ballot, the referendum is considered to be valid. Thus, the respondents' request for the questions to be placed upon the March 16, 2004, ballot could have proceeded without the court's order. It was not necessary for the trial court to lift the automatic stay of the School Code.

Additionally, even if the petitioner had objected to the election process as required by the Election Code, the trial court would not have had jurisdiction over the objections. As noted, the court in *Geer* stated that the trial court does not have original jurisdiction over the objections to an election process; only the electoral boards have original jurisdiction. *Geer*, 173 Ill. 2d at 407. We need not reach the issue of when a trial court can lift an automatic stay of "further proceedings" under section 7—7 of the School Code.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is vacated.

Vacated.

CHAPMAN, P.J., and KUEHN, J., concur.