NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190771-U

NO. 4-19-0771

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 14, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOLEN ANYA MINETZ, | ) | Appeal from the |
|       Petitioner-Appellant, | ) | Circuit Court of |
|       v. | ) | Ford County |
| BOARD OF EDUCATION OF PAXTON- | ) | No. 19CH25 |
| BUCKLEY-LODA COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT NUMBER 10, | ) | Honorable |
| FORD, CHAMPAIGN, IROQUOIS, | ) | Matthew J. Fitton, |
| LIVINGSTON AND VERMILION | ) | Judge Presiding. |
| COUNTIES, ILLINOIS, | | |
|       Respondents-Appellees. | | |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed the trial court's judgment.

¶ 2   In October 2019, petitioner, Jolen Anya Minetz, filed a complaint for injunctive relief against respondent, the Board of Education of Paxton-Buckley-Loda Community Unit School District Number 10, alleging she would suffer irreparable harm if the Eastlawn Elementary School (Eastlawn) in Paxton, Illinois, was demolished. Petitioner claims a November 2016 referendum authorizing respondent to issue bonds to pay for the demolition costs was illegal, giving her the right to seek a temporary restraining order to prevent the building's destruction. In a hearing on the motion for a temporary restraining order (TRO), the trial court found the petitioner had not met her burden, and petitioner filed an emergency motion for a TRO with this court.

¶ 3     On appeal, petitioner argues the trial court erred by denying petitioner's motion for a preliminary injunction. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5     In August 2016, respondent adopted a resolution to submit a proposition to the voters of Community Unit School District Number 10 seeking authorization for a bond initiative to fund improvements to school sites and demolition of the Eastlawn building in Paxton, Illinois, which has been a part of the community since its construction in 1925. The proposition was submitted to the voters as a referendum measure pursuant to "general election law" on the November 8, 2016, general election ballot and appeared as follows:

"Shall the Board of Education of Paxton-Buckley-Loda

Community Unit School District Number 10, Ford, Champaign,

Iroquois, Livingston and Vermilion Counties, Illinois, improve the

site of and build and equip an elementary school building on the

property of the existing Clara Peterson Elementary School

Building, demolish the Eastlawn Elementary School Building,

improve the sites of, alter, repair and equip the existing Clara

Peterson Elementary and Paxton-Buckley-Loda High School

Buildings and issue bonds of said School District to the amount of

$31,425,000 for the purpose of paying the costs thereof?"

¶ 6     After the district's voters approved the proposition by a vote of 2024 in favor to 1954 against, respondent adopted a resolution in January 2017 to sell the bonds and began the process to improve to its school sites. Respondent approved a bid and signed a contract to demolish Eastlawn in May 2019. During August 2019, once the improvements to other school

sites were completed and Eastlawn was vacated, contractors began demolition work on the building, which included asbestos abatement and removing flooring and fixtures from the building. Final demolition was scheduled to start on November 4, 2019.

¶ 7        Petitioner voted in the November 2016 election in a district where the ballot included respondent's bond proposition. At some unknown point after the election, and aware Eastlawn was at risk of being demolished, petitioner contacted the Illinois State Historic Preservation Office and requested the office assess Eastlawn's eligibility for the National Register of Historic Places. She received a response to her request in May 2019, which stated Eastlawn qualified for listing in the register. Petitioner informed respondent about this development at respondent's May 2019 board meeting and objected to demolishing Eastlawn. She repeated her objections during an October 2019 board meeting. On both occasions, respondent declined to suspend its demolition plans.

¶ 8        In October 2019, petitioner, "a citizen, resident, property owner, taxpayer, and voter in the City of Paxton," filed a complaint for injunctive relief against respondent and an emergency motion for a TRO. In the complaint, petitioner stated Eastlawn is a unique and architecturally significant building, the demolition of which would cause her irreparable harm and constitute a loss in history to the Paxton community and citizens of the State of Illinois. She asserted, "[i]t would be inequitable to allow the [d]istrict to act based on an illegal [r]eferendum." Petitioner claimed the referendum was illegal because it (1) "denied voters the ability to choose some projects and reject others;" (2) "violated the three-question requirement" required by the Illinois Election Code (10 ILCS 5/28-1 (West 2016)); and "was vague and ambiguous." In her motion, petitioner further stated the Illinois School Code (105 ILCS 5/10-

22.36 (West 2016)) did not permit respondent to demolish a school building through a referendum.

¶ 9        Respondent filed a response in opposition to petitioner's motion for a TRO, alleging petitioner failed to establish the elements for a TRO and the doctrine of *laches* barred the petitioner's request for an injunction. Respondent also contended petitioner's arguments regarding the alleged illegality of the referendum lacked merit because, under Illinois law, a proposition containing multiple questions or financing options in a school referendum does not violate the three-question requirement or inappropriately deprive a voter of choice when the proposition has a single purpose or is part of a "single, cohesive" plan.

¶ 10        During the hearing on the motion for a TRO on November 1, 2019, petitioner said the case ultimately is about whether the referendum was illegal, repeated her reasons for considering the referendum illegal, and emphasized, "[v]oters have the absolute right on a question of standing to challenge illegal elections." She also argued TROs are appropriate to prevent the destruction of property in legal disputes and, citing *In re Marriage of Joerger*, 221 Ill. App. 3d 400, 407-08, 581 N.E.2d 1219, 1225 (1991), stated she did not have to establish the likelihood of success on the merits for cases involving the destruction of property. Similarly, she stated destruction of Eastlawn would leave her with no adequate remedy and the loss could cause irreparable damage. Respondent countered these arguments by stressing it had statutory authority to demolish Eastlawn, petitioner's complaint was not timely, and petitioner could not succeed on the merits of the case because the referendum was legal. According to respondent, the proposition was not vague or ambiguous because it was a yes or no question about whether the school should proceed with the proposed project.

¶ 11    After hearing the parties' arguments, the trial court denied petitioner's motion, finding petitioner failed to meet her burden. Specifically, the court determined petitioner failed to articulate any ascertainable right to relief or protectable interest that would be injured by the destruction of Eastlawn. The court also stated petitioner failed to establish a fair question as to her likelihood of success on the merits of her claim. Although the court was uncertain about what success on the merits would look like, the court stated petitioner's success depended on the legality of the referendum. However, the court saw no violation of the three-question limitation and stated the proposition "clearly related to a single, cohesive, capitol [*sic*] plan, that being designed to meet the ultimate needs and facility needs of the district as a whole ***."  The court also considered the timeliness of petitioner's complaint problematic because the referendum occurred in 2016, and it noted there had been no challenge to the referendum itself. Further, while the court acknowledged petitioner argued there would be irreparable harm to the community, the court recognized the district would be harmed by granting a TRO since it was under contract and incurred expenses.

¶ 12    This appeal followed pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017), which provides an expedited process for an appellate court to consider the denial of a TRO.

¶ 13                                II. ANALYSIS

¶ 14    Petitioner argues the trial court erred in denying her request for a TRO to prevent respondent from demolishing Eastlawn. We disagree.

¶ 15    " 'A temporary restraining order is a drastic remedy which may issue only in exceptional circumstances and for a brief duration.' [Citation.]" *Bartlow v. Shannon*, 399 Ill. App. 3d 560, 567, 927 N.E.2d 88, 95 (2010); see also *Capstone Financial Advisors, Inc. v.*

- 5 -

*Plywaczynski*, 2015 IL App (2d) 150957, ¶ 10, 399 Ill. Dec. 381, 384, 46 N.E.3d 419 ("A TRO is an extraordinary remedy and the party seeking it must meet the high burden of demonstrating, through well-pled facts, that it is entitled to the relief sought."). "The purpose of a TRO is to allow the circuit court to preserve the status quo pending a hearing to determine whether it should grant a preliminary injunction." *Abdulhafedh v. Secretary of State*, 161 Ill. App. 3d 413, 416, 514 N.E.2d 563, 564 (1987). "The status quo to be preserved by a preliminary injunction is the last, actual, peaceable, uncontested status which preceded the controversy." *Postma v. Jack Brown Buick,* 157 Ill. 2d 391, 626 N.E.2d 199, 202 (1993).

¶ 16        To succeed on a motion for an injunction, a petitioner must show: "(1) a clearly ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62, 866 N.E.2d 85, 91 (2006); see also *In re Estate of Wilson*, 373 Ill. App. 3d 1066, 1075-76, 869 N.E.2d 824, 833 (2007) (" 'A temporary restraining order issued with notice and a preliminary injunction issued with notice are the same type of relief and, whether referred to under either term, require the same elements of proof.' [Citation.]"). For each element, "the plaintiff must raise a 'fair question' that each of the elements is satisfied." *Makindu v. Illinois High School Ass'n*, 2015 IL App (2d) 141201, ¶ 31, 40 N.E.3d 182. However, "[m]ere opinion, conclusion, or belief will not suffice." *McErlean v. Harvey Area Community Organization*, 9 Ill. App. 3d 527, 529, 292 N.E.2d 479, 481 (1972). "If these elements are met, then the court must balance the hardships and consider the public interests involved." *Makindu*, 2015 IL App (2d) 141201, ¶ 31; see also *People ex rel. Edgar v. Miller*, 110 Ill. App. 3d 264, 269, 441 N.E.2d 1328, 1331 (1982) ("[A] plaintiff must show that [she] will suffer greater harm without the injunction than a defendant will suffer if it is

issued."). "The failure to establish any one of these elements requires the denial of the preliminary injunction." *Yellow Cab Co. v. Production Workers Union of Chicago & Vicinity, Local 707*, 92 Ill. App. 3d 355, 356, 416 N.E.2d 48, 50 (1980).

¶ 17         "The trial court has broad discretionary powers to grant or deny a request for an injunction." *County of Du Page v. Gavrilos*, 359 Ill. App. 3d 629, 637, 834 N.E.2d 643, 651 (2005). "A trial court's decision to grant or deny injunctive relief is discretionary and its determination will not be disturbed absent an abuse of discretion." *Bridgeview Bank Group v. Meyer*, 2016 IL App (1st) 160042, ¶ 10, 49 N.E.3d 916. "A trial court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt the court's view." *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 634, 841 N.E.2d 1065, 1082 (2006).

¶ 18         The trial court did not abuse its discretion in determining petitioner failed to demonstrate she had a clearly ascertained right in need of protection or a protectable interest subject to injury by the destruction of Eastlawn. "The courts are reluctant to grant the exceptional remedy of injunction except where a certain and clearly ascertainable legal right has been established." *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.*, 143 Ill. App. 3d 285, 292, 492 N.E.2d 969, 974-75 (1986). "[I]n order to show a clear and ascertainable right, the plaintiff [is] required to allege an injury to some substantive interest recognized by statute or common law." *Kilhafner v. Harshbarger*, 245 Ill. App. 3d 227, 229, 614 N.E.2d 897, 899 (1993); see also *Cameron v. Bartels*, 214 Ill. App. 3d 69, 74, 573 N.E.2d 273, 276 (1991) ("An injunction may lie to protect a landowner or a person in possession of real estate.").

¶ 19         In this matter, it is difficult to discern exactly what right petitioner is asserting needs protection, and petitioner has not addressed this issue in her motion to this court. Based on

petitioner's statement in the trial court that voters have a right to challenge elections and her focus on the legality of the referendum, petitioner appears to argue she has "a clearly ascertained right in need of protection" because the bonds funding the demolition resulted from an illegal referendum that she has a right to challenge as a voter. "The Constitution of Illinois specifically guarantees free and equal elections (Ill. Const. 1970, art. III, § 3) and provides that no citizen shall be deprived of equal protection of the laws (Ill. Const. 1970, art. I, § 2)." *Orr v. Edgar*, 283 Ill. App. 3d 1088, 1101, 670 N.E.2d 1243, 1251 (1996). These provisions do "not guarantee an errorless election[,]" but require only "that each voter have the right and opportunity to cast his or her vote without any restraint and that his or her vote have the same influence as the vote of any other voter." *Goree v. LaVelle*, 169 Ill. App. 3d 696, 699, 523 N.E.2d 1078, 1080 (1988). "The free and equal clause is violated when separate and unrelated questions are combined in a single proposition on a ballot. [Citation.] It has been said that such combining of separate and unrelated questions prevents a voter from giving a free and equal expression of preference as to each proposition." *Clark v. Illinois State Board of Elections*, 2014 IL App (1st) 141937, ¶ 28, 17 N.E.3d 771.

¶ 20        While it is true petitioner, as a voter, has the right to a free and fair election, to the extent she makes any claim this right is protectable, she offers only mere supposition. In some circumstances, voters may challenge elections; however, the ability to do so is not absolute or unlimited and is generally prescribed by statute. See *Smith v. Township High School District No. 158*, 335 Ill. 346, 350, 167 N.E. 76, 78 (1929) ("The right to contest an election is statutory and the statute must be strictly followed."); see also 10 ILCS 5/23-24 (West 2018) (When a referendum or "questions of public policy are submitted to the voters of any political subdivision or district, any 5 electors *** may contest the results *** by filing a written statement in the

circuit court within 30 days after the result of the election shall have been determined ***."); 10 ILCS 5/10-8 (West 2018) ("[P]etitions to submit public questions to a referendum, being filed as required ***, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing ***."); *Libbra v. Madison County Regional Board of School Trustees*, 346 Ill. App. 3d 867, 871-72, 806 N.E.2d 265, 269 (2004) (stating the Election Code "also provides that electoral boards are to resolve disputes concerning elections ***."). Petitioner has provided no legal authority to support the claim she has such a right three years after the election. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (an appellant's argument section to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Further, petitioner has not indicated how her right as a voter would be protected by preventing the demolition of Eastlawn. She only states it would be inequitable to allow the demolition to occur. She does not otherwise object to the other expenditures associated with the bond initiative to improve other school sites. This is insufficient to establish even a fair question she has asserted a protectable right. She questions the legality of the referendum but only as it applies to the demolition of Eastlawn. If the referendum is illegal, then it is illegal in all aspects.

¶ 21 Petitioner also seems to imply she has some additional interests at stake that are sufficient to prevent the destruction of Eastlawn. However, if she argues a protectable interest in Eastlawn, we are unable to discern any such interests are legally protectable. Petitioner identifies Eastlawn as a unique building and states she is a "citizen, resident, property owner, taxpayer and voter in" Paxton, Illinois, who voted in the November 2016 election. However, her status as a resident, voter, or taxpayer gives her no legal or protectable interest in Eastlawn. See generally

105 ILCS 5/10-22.35B (West 2018) (describing how school buildings and sites are held in title by school boards); 105 ILCS 5/10-22.13 (West 2018) (authorizing school boards "[t]o decide when a site or building has become unnecessary, unsuitable or inconvenient for a school"); 105 ILCS 5/10-22.10 (West 2018) (stating school boards "have the control and supervision of all public schoolhouses in their district ***"); see also *Tyska v. Board of Education of Township High School District 214, Cook County*, 117 Ill. App. 3d 917, 923, 453 N.E.2d 1344, 1350 (1983) ("A school board has a wide discretion in the exercise of its powers [citation], and it may neither delegate to another nor otherwise limit the discretionary powers vested in it by statute."). Thus, it was reasonable for the trial court to find petitioner failed to establish a fair question that she has a clearly ascertainable right in need of protection.

¶ 22        Although petitioner would have us believe she is entitled to injunctive relief because the destruction of any building or real estate warrants injunctive relief and, therefore, she may suffer irreparable injury without an adequate remedy at law, she provides no authority for this proposition as it relates to property of the school district. In order to be entitled to injunctive relief, petitioner had to satisfy all the remaining elements. The trial court found she failed to establish a fair question as to a clearly ascertained right in need of protection. A court cannot grant injunctive relief unless the petitioner has established a fair question as to the existence of all the elements. *Cf. Yellow Cab*, 92 Ill. App. 3d at 356. Accordingly, we cannot say the trial court's denial of petitioner's motion was an abuse of discretion.

¶ 23                                III. CONCLUSION

¶ 24        For the reasons stated, we affirm the trial court's judgment.

¶ 25        Affirmed.